**R. D. BURRIS, Lester J. Kinley, Arnold E. Bailey, Floyd T. Halcom, Holmes Bullock, E. Y. Cashion, Jack Hunt, Hugey E. Anderson, and Earl Norris, Plaintiffs,**

**v.**

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant.**

**Civ. A. No. 1689.**

United States District Court
W. D. North Carolina,
Charlotte Division.

April 16, 1963.

Warren Stack, Charlotte, N. C., for plaintiffs.

Francis M. Fletcher, Jr., Charlotte, N. C., and Herbert S. Thatcher, Washington, D. C., for defendant

CRAVEN, Chief Judge.

Defendant has moved the court to dismiss plaintiffs' complaint for, *inter alia,* lack of jurisdiction over the subject matter. Rule 12(b) F.R.Civ.P. Other grounds asserted in defendant's motion are without merit and warrant no discussion.

In disposing of defendant's motion to dismiss for lack of jurisdiction, the court has looked only to the representations set out in the complaint, as amended. See Barron & Holtzoff, Federal Practice and Procedure, section 349. The substance of plaintiffs' material allegations are as follows:

Plaintiffs were covered by a collective bargaining agreement entered into between Jocie Motor Lines, Inc., (hereinafter referred to as Jocie) their employer, and defendant, the labor union of which they are members. The agreement contained a "no-strike" clause, i. e., a provision that defendant would call no strike or other work stoppage without first exhausting the grievance procedures prescribed by the contract. Defendant called a strike in violation of this contractual provision. While plaintiffs were out on strike, Jocie replaced them and refused to reinstate them when the strike terminated. At plaintiffs' request, defendant promised to institute, with the National Labor Relations Board, unfair labor practice charges against Jocie, but failed to do so until after the expiration of the six months statute of limitations in the Labor Management Relations Act. Upon learning of defendant's failure to file and prosecute the charges within the time allowed by the Act, plaintiffs protested to defendant. As a consequence of their protests, defendant union expelled them from membership therein and has "blacklisted" them among motor carriers with which defendant has collective bargaining agreements. As a result of defendant's wrongful acts, plaintiffs have been damaged by the denial of their right to follow their chosen trade. This court is alleged to have jurisdiction of plaintiffs' claim for relief under the following provision of the Labor Management Relations Act, section 301 (29 U.S.C.A. § 185):

"(a) Suits *for violation of contracts* between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

\* \* \* \* \* \*

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

By the explicit terms of Section 301, the jurisdiction there granted the federal

**40**

district courts is limited to "suits for violation of contracts between an employer and a labor organization * * * or between any such labor organizations * * *." The only contractual violation alleged by plaintiffs is defendant's failure to exhaust prescribed grievance procedure before striking Jocie. The factual crux of plaintiffs' claim is defendant's expelling them from membership and "blacklisting" them among certain motor carriers, hence depriving them of employment opportunities. At best there is a remote connection between defendant's violation of the contract (collective bargaining agreement) and plaintiffs' ultimate expulsion from defendant union.

■ It is now established that the claims of *individuals* are within the jurisdictional ambit of Section 301 *when such claims are based upon a collective bargaining contract*. "The concept that all suits to vindicate individual employee rights arising from a collective bargaining contract should be excluded from the coverage of § 301 has thus not survived." Smith v. Evening News Asso., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246, 251 (1962). This is so even though the conduct complained of is an unfair labor practice within the jurisdiction of the National Labor Relations Board—*if it is also violative of a collective bargaining contract*. Ibid.

■ The jurisdictional prerequisite set out in Section 301 and reiterated in the above-cited case does not exist in the instant case. The connection or relation between defendant's violation of the collective bargaining contract and defendant's ultimately expelling plaintiffs from membership and "blacklisting" them is attenuated. Plaintiffs' expulsion from defendant union (the conduct upon which they base their claim for relief) was not an action prohibited by the collective bargaining contract between Jocie and defendant. It is apparent, therefore, from the face of the complaint that there was no violation of that contract—or any other—within the purview of Section

301. Insofar as this court's jurisdiction of the subject matter of this complaint is sought to be predicated upon the provisions of Section 301 of the Labor Management Relations Act, it must fail.

■■ That the court has no jurisdiction under Section 301 is by no means determinative. Complaints are not to be lightly dismissed if there is contained in them material allegations upon which the court may, of its own volition, satisfy itself that a claim for relief is stated over which the court has jurisdiction. Any other approach would do violence to the liberal spirit of the Federal Rules of Civil Procedure. With this in mind, can it not be fairly said that the complaint *does* allege, however inartfully, the substance of a claim for relief under the Landrum-Griffin Act (29 U.S.C.A. § 401 et seq.), particularly Section 101 (a) (5) thereof, (29 U.S.C.A. § 411(a) (5)) wherein it is provided that: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing"? The federal district court is granted jurisdiction over an action under that section by Section 102 of the Act (29 U.S.C.A. § 412). The very essence of plaintiffs' claim for relief is that they have been wrongfully expelled from defendant union and "blacklisted". Certainly that is a grievance that the above-quoted section of the Landrum-Griffin Act is meant to embrace.

■ Rule 15 F.R.Civ.P. provides that a party may amend his pleadings by leave of court and that such "leave shall be freely given when justice so requires." Defendant's motion to dismiss is denied. Plaintiffs will be permitted to amend their complaint so as to more perfectly state their claim for relief in the event they are so advised. Downey v. Palmer, 114 F.2d 116 (9th Cir., 1940); Side-

botham v. Robinson, 216 F.2d 816, 826 (9th Cir., 1954); Neeff v. Emery Transporation Co., 284 F.2d 432 (2d Cir., 1960).

Counsel may present an appropriate order.