**R. D. BURRIS et al., Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, Defendant.**

Civ. No. 1689.

United States District Court
W. D. North Carolina,
Charlotte Division.

Dec. 11, 1963.

278

Warren C. Stack and James L. Cole, Charlotte, N. C., for plaintiffs.

Francis M. Fletcher, Jr., Charlotte, N. C., and Herbert S. Thatcher and David S. Barr, Washington, D. C., for defendant.

CRAVEN, Chief Judge.

Plaintiffs in this action originally attempted to invoke federal jurisdiction under Section 301 of the Labor Management Relations Act, (29 U.S.C.A. § 185). Defendant moved under Rule 12(b) of the Federal Rules of Civil Procedure that the complaint be dismissed for lack of jurisdiction over the subject matter. The court decided that though no claim for relief cognizable under Section 301 was alleged, it did appear that the complaint alleged the substance of a claim for relief under the Labor-Management Reporting and Disclosure Act (hereinafter LMRDA) (29 U.S.C.A. § 401 et seq., 1962 Cum.Supp.), particularly Section 101(a) (5) thereof, (29 U.S.C.A. § 411(a) (5)). The motion to dismiss was accordingly denied and plaintiffs were given leave to amend their complaint. R. D. Burris, et al. v. International Brotherhood of Teamsters, 216 F.Supp. 38 (W.D.N.C.1963).

Plaintiffs thereafter amended their complaint and now make, in substance, these material allegations:

Plaintiffs were members of the defendant union and heeded a strike called by it, even though the strike was called in violation of the union's contract with plaintiff's employer, Jocie Motor Lines, Inc.. Plaintiffs were replaced by Jocie and were refused reinstatement, whereupon they requested local officers of defendant to institute unfair labor practice charges against Jocie and the officers promised to do so. Upon defendant's officers' failure to timely file the charges, plaintiffs protested to defendant's agents, representatives, and other members. Because of their protests, the officers, agents, and representatives of defendant proceeded to discipline them by inducing them by misrepresentation to accept honorable withdrawal cards from defendant union and then blacklisting them among motor carriers with which defendant is labor bargaining agent, the result of which has been the deprivation of plaintiffs' right to gainful employment with those carriers. The disciplinary measures were carried out in violation of Section 101(a) (1), (2), and (5) and Section 609 of the LMRDA, i. e., plaintiffs were neither given notice of nor a hearing upon any charges against them by the defendant union and were unlawfully disciplined for exercising their lawful right to protest.

Once again defendant has moved the court to dismiss the complaint on the following grounds:

I. The acts alleged to have been committed by the defendant constitute an unfair labor practice under the National Labor Relations Act over which the National Labor Relations Board has exclusive and original jurisdiction.

II. The allegations of the complaint fail to state a claim for relief under Section 101 (29 U.S.C.A. § 411), the acts alleged not constituting "discipline" under the LMRDA.

III. The complaint fails to allege that plaintiffs exhausted their internal remedies within the defendant union as is required by 29 U.S.C.A. Section 411(a) (4).

Other grounds for dismissal urged by defendant are without merit and require no discussion.

## I.

■ Defendant union strongly urges that the alleged wrongdoing on its part would constitute an unfair labor practice under Section 8(b) (1) (A) and 8(b) (2) of the Labor Management Relations Act and that the only forum open to plaintiffs for redress is the National Labor Relations Board, i. e., that the jurisdiction of the Board preempts that of the court. In answer to a like contention in Parks v. International Brotherhood of Electrical Workers, 314 F.2d 886 at 922 (4th Cir.), cert. denied, 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963), Chief Judge Sobeloff, writing for the court, had this to say: "The District Court was entirely correct in declaring this challenge to its jurisdiction 'unavailing.' The LMRDA has created new federal rights to be enjoyed by union members. These rights are to be enforced in the federal courts."

This court deems the above case to be controlling in this circuit and holds accordingly.

## II.

■ The International Brotherhood of Teamsters next urges that the action allegedly taken by it toward plaintiffs was not "discipline" within the meaning of Section 101(a) (5) of the Labor-Management Reporting and Disclosure Procedure Act. (29 U.S.C.A. § 411(a) (5)). But there can be no stronger "discipline" within a labor organization than deprivation of union membership with consequent deprivation of job opportunities, and "blacklisting" itself constitutes "discipline" within the meaning of Section 101(a) (5). Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961).

## III.

Section 101(a) (4) of the LMRDA (29 U.S.C.A. § 411(a) (4)) declares that "No labor organization shall limit the right of any member thereof to institute an action in any court * * * : *Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof * * *.*" (Emphasis added.)

Plaintiffs allege in their amended complaint that "due to the fraudulent conspiracy of the defendant in tendering (them) * * * honorable withdrawal card(s) so that the defendant might proceed with disciplinary blacklisting against the plaintiff(s) after (they) had asserted (their) protest, the plaintiff(s) (were) barred from availing (themselves) of any internal grievance procedures or hearings afforded by * * * former membership in the defendant and guaranteed * * * by virtue of such membership."

Defendant has submitted to the court copies of the 1957 and the 1961 constitutions of the Teamsters, the former of which apparently was in effect at the time of defendant's actions of which plaintiffs complain. Article XVII, Section 4 of that constitution contains this provision: "Refusal to *grant* honorable withdrawal card shall be subject to appeal in accordance with the appeal procedure provided for by this Constitution, excluding, however, any appeal to the convention." (Emphasis added.) Article XVII, Section 5 of the same constitution contains the following provision, *inter alia*, governing withdrawal cards:

"(d) Any ex-member out on a withdrawal card and desiring to return to

membership, must first deposit his withdrawal card with the Local Union by which it was issued; and upon the withdrawal card being accepted, the member shall be subject to the rules and laws of the Local Union. Refusal of any Local Union *to accept* a withdrawal card shall be subject to appeal in accordance with appeal procedure provided for by this Constitution, excluding, however, any appeal to the convention." (Emphasis added.)

The Teamsters' constitution requires, too, in Article XVII, Section 14(a) that:

"Every *member* * * * *against whom charges have been preferred* and disciplinary action taken as a result thereof, or against whom adverse rulings or decisions have been rendered or who claims to be aggrieved, shall be obliged to exhaust *all* remedies provided for in this Constitution and by the International Union before resorting to any other court or tribunal." (Emphasis added.)

■ Defendant takes the position that the court has no jurisdiction to entertain this lawsuit because plaintiffs have failed to exhaust their inter-union remedies, that under the Section 101(a) (4) proviso of the LMRDA (29 U.S.C.A. § 411) their doing so is an absolute prerequisite to the institution of judicial proceedings. But the proviso is that they "*may* be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within" the union. It is for the *court* to determine, in the exercise of some discretion, whether or not the proviso is to be invoked. Detroy v. American Guild of Variety Artists, supra, 286 F.2d at p. 78. But Cf. Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (3rd Cir. 1962).

■ Plaintiffs allege that they were "barred" from availing themselves of internal union grievance procedures. Whether or not the allegation is true is a question of fact, or construction of the union constitution, not readily decided

upon this motion to dismiss. Branch v. Vickers, Inc., 209 F.Supp. 518, 520 (E.D. Mich.1962). It does not appear whether or not the union had made provision for "reasonable hearing procedures" in an instance such as is here alleged to be involved—the wrongful issuance of withdrawal cards—and that can best be determined at a trial. Provisions of the union constitution having to do with trial and appeal refer to the rights of "members". Again, whether or not these inter-union avenues of redress were open to *ex*-members out on withdrawal cards is not at all clear, but will, presumably, become so at the trial.

Defendant's motion to dismiss the complaint is denied.

■ Subject to disposition of its motion to dismiss the complaint, defendant has further moved the court to strike from the complaint all allegations of and demands for punitive damages. Section 102 of the LMRDA (29 U.S.C.A. § 412) provides that "Any person whose rights * * * have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for *such relief * * * as may be appropriate. * * *"* (Emphasis added.) Nothing within the Act or in the legislative history of the Act indicates or specifies that punitive damages are "appropriate" relief. One court has stated that "it is obvious that the only damages which may be awarded under the authority of the statute are those which directly and proximately result from the violation." McCraw v. United Association of Journeymen & Apprentices of the Plumbing and Pipe Fitting Industry, 216 F.Supp. 655, 662 (E.D.Tenn. 1963). Cases decided under the Labor Management Relations Act (29 U.S.C.A. § 141 et seq.) followed the theory that absent express Congressional intention punitive damages were not recoverable when invoking the jurisdiction of the court on a federally created cause of action. United Mine Workers of America v. Patton, 211 F.2d 742, 47 A.L.R.2d 850 (4th Cir.), cert. denied, 348 U.S.

824, 75 S.Ct. 38, 99 L.Ed. 649 (1954). This court is of the opinion that a like theory is applicable to actions brought under the LMRDA. The motion to strike is accordingly allowed.