John J. COLE, Plaintiff,

v.

Paul HALL, individually and as President, or Al Kerr, as Secretary-Treasurer, or Earl Shepard, as Vice President, or Cal Tanner, as Executive Vice President of the Seafarers' International Union of North America-Atlantic, Gulf, Lakes and Inland Waters District, Defendants.

No. 63–C–1296.

United States District Court
E. D. New York.

April 1, 1964.

Burton H. Hall, New York City, for plaintiff.

Robert M. Saltzstein, for defendants, Howard Schulman, New York City, of counsel.

BARTELS, District Judge.

Plaintiff brings this action under Sections 102 and 609 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. (the Act) against a local union or district of Seafarers' International Union of North America (Union) and Paul Hall, its president, demanding injunctive relief, restoration of his membership rights, compensatory and punitive damages and attorney's fees. In the title of the action the Union is not named as such but Hall is named individually and as president together with other officers who, however, are not named individually. As a member of the Union, plaintiff claims that he was expelled from his union for having introduced at a union meeting a resolution critical of Hall, the president of the Union. He alleges that Hall conspired with others to bring about his expulsion; that in doing so, Hall was actuated by malice; that in furtherance of the conspiracy, Hall caused charges to be brought against plaintiff and caused an unfair trial by a biased trial committee, which thereupon recommended plaintiff's expulsion, as a result of which plaintiff sustained damages.

Pursuant to Rules 12(b) (1) (6) and 12(f), Fed.Rules Civ.Proc., 28 U.S.C.A., defendants move (i) to dismiss the complaint on the grounds that (a) the Court lacks jurisdiction over the subject-matter relative to the conduct of Hall, and (b) the complaint fails to state a claim upon which relief can be granted, and (ii) alternatively, to strike certain allegations of the complaint on the ground that they are immaterial and impertinent.

Hall claims that the suit against him individually must fall because the Court lacks jurisdiction under the Act over any ordinary tort, absent a showing of diversity of citizenship. All of the defendants, including Hall, claim that no basis exists under the Act for punitive damages or attorney's fees.

I

As to Hall, it appears from the title of the complaint that the suit purports to be against him individually as well as in his capacity as president of the Union. Hall is charged in the complaint with malicious conduct in conspir-

ing together with others (unnamed) in trying to expel and to deprive plaintiff of his union rights and in actually accomplishing this result. Because of the nomenclature of the title, Hall claims that this charge is based upon an individual tort and that there is no federal jurisdiction over him for such a wrong. To the extent the cause of action is predicated upon private conduct constituting a tort, such a claim is not cognizable under the Act. "Private misconduct which incidentally may frustrate appellant's rights as a union member does not give rise to an action under the bill-of-rights section." Tomko v. Hilbert, 3 Cir.1961, 288 F.2d 625, 629; Allen v. Armored Car Chauffeurs Union, Local No. 820, etc., D.C.N.J.1960, 185 F.Supp. 492.

■ But plaintiff's claim against Hall individually is not so easily dismissed. His claim against Hall's private misconduct, arising out of the same facts as the claim against him as president of the Union, may be asserted as a common law tort in the New York state court. In the state court action he may be awarded attorney's fees[1] and if malice is shown, exemplary or punitive damages, although such punitive damages may not be awarded against the Union "if it was merely the tool of the alleged wrongdoers." Fittipaldi v. Legassie, 1963, 18 A.D.2d 331, 239 N.Y.S.2d 792, 799. If the Union authorized or ratified with knowledge Hall's wrongful conduct, then it too may be liable in the state court for such punitive damages. This Court, however, need not consider that question. In the state court action the allegations of conspiracy have been treated as a formula to express malicious and intentional interference with plaintiff's right to work and are pertinent. Fittipaldi v. Legassie, supra, 239 N.Y.S.2d p. 797. In such a suit, if plaintiff proves his claims he may recover counsel fees and exemplary damages and the conspiracy allegations may remain.

## II

■ Plaintiff's claim, however, is not limited to Hall's individual misconduct. It is also based upon his action as president. Under this theory plaintiff has rights which are enforceable in this Court under the Act, assuming he can support his allegations of wrongful expulsion. It is true that he does not mention the Union as a party but since he sues the officers in their representative capacity, it is unnecessary for him to specifically designate the Union as a defendant. Section 102 of the Act provides that a person whose rights have been infringed by a violation of Title I may bring an action against a labor organization. Section 609 of the Act provides that it shall be unlawful for a labor organization or any officer or representative thereof to expel or discipline a member for exercising any right under Title I, and then adds that Section 102 shall be applicable to the enforcement of the prohibitions of Section 609. This action under the Act may therefore be brought against either the Union or its officers. Cox v. Hutcheson, S.D.Ind.1962, 204 F.Supp. 442. Clearly, this Court is empowered to give the rights guaranteed by Title I meaningful content by appropriate and full remedies to union members who have been maligned. "The right of the working man to the benefits of collective bargaining is too essential and valuable to be hindered, impeded and seriously damaged by irresponsible and dictatorial leaders whose dominance in any given situation does great disservice to the purpose and principles of unionism. When that right of free association is usurped by a concerted, malicious effort to deprive the individual of the safeguards built into the association, it can-

1. But see Summers, The Law of Union Discipline, What the Courts Do In Fact, 70 Yale L.J. 175, 221, n. 272 (1960), "The courts have uniformly refused to award lawyer's fees".

not be condoned.". Fittipaldi v. Legassie, supra, 239 N.Y.S.2d p. 796. Freedom of speech and assembly together with equal rights concerning elections and meetings are fundamental to the preservation of the democratic process in labor organizations as appears from the workman's bill of rights in Title I, § 102 et seq. of the Act. Plaintiff may come into this court and demand appropriate relief if any of these rights are violated by the Union, or its officers through the device of a kangaroo court, a mock trial or rigged election or in any other manner. See Addison v. Grand Lodge of I.A.M., 9 Cir.1963, 318 F.2d 504. In the federal claim, however, the Act is the sole source of the relief which may be granted and no authority can be found in its provisions for the allowance of punitive damages. Section 102 of the Act provides that a person aggrieved by infringement of its provisions may obtain appropriate "relief". Punitive damages are in the nature of punishment and restraint rather than relief. Without some evidence of Congressional intent appearing in or inferable from the Act or its legislative history justifying punitive damages, this Court is constrained to deny the claim. Burris v. International Brotherhood of Teamsters etc., W.D.N.C.1963, 224 F. Supp. 277.

■ Consideration must also be given to the relevance of the conspiracy allegations in the federal claim. Absent jurisdiction to impose punitive damages, the language of conspiracy cannot be considered as a matter of verbiage to imply malice because malice here is immaterial in the measurement of ordinary damages. Moreover, conspiracy offers no basis for a suit under the Act; it is only the violation of the Act which provides the remedy. Consequently, the conspiracy allegations alone are surplusage unless they can be treated as a claim of concerted action to defraud or to cause other injury "which actually results in damages to the person or property of the person injured or defrauded." See Place v. Minster, 1875, 65 N.Y. 89. "It is the acts performed pursuant to the conspiracy which constitute the tortious conduct for which the wrongdoers will be held civilly accountable to the injured party". Harte & Company v. Shayani, 1962, 33 Misc.2d 680, 227 N.Y.S.2d 538, 540. In the LMRDA claim it is very doubtful whether such conspiracy allegations are necessary or helpful even when a violation is alleged. They appear to be more in the nature of evidence relative to the illegality of the expulsion rather than allegations necessary to establish the wrong. Nevertheless, when coupled with a violation of the Act, their impertinence is not sufficiently clear to require striking. See Addison v. Grand Lodge of I.A.M., supra.

■ Passing to the plaintiff's claim for counsel fees, no basis for such a claim exists under the Act, although such an allowance may be granted under common law. When Congress intended to include counsel fees in a plaintiff's recovery, it did not hesitate to express itself as it did in Section 501(b) of Title V of the Act. No such similar provision appears in Title I.[2] Such a claim has been disallowed in Vars v. International Brotherhood of Boilermakers, etc., D.Conn., 215 F.Supp. 943, 952, aff'd, 2 Cir.1963, 320 F.2d 576; McGraw v. United Ass'n of Journeymen, etc. E.D.Tenn.1963, 216 F. Supp. 655, 664.

### III

■ This leaves the pleadings in an ambiguous posture. The two causes of action previously mentioned are not identified separately as such. In fact, the complaint purports to be an action solely under Titles I and VI of the Act involving Sections 102 and 609. But upon motions of this type the complaint must be construed most liberally to ascertain the claims actually set forth. Robins v.

2. But cf. Johnson v. Nelson, 8 Cir. 1963, 325 F.2d 646.

Rarback, 2 Cir. 1963, 325 F.2d 929, 930. Having described a cause of action based upon common law tort as well as one predicated upon a violation of the provisions of the Act cognizable in the Federal Court both arising out of substantially identical facts, the pendent jurisdiction of this Court may properly be evoked for the joinder of the two.[3] A similar situation existed in Addison v. Grand Lodge of I.A.M., supra, where a claim under the common law of California arising out of the plaintiff's illegal expulsion from a labor organization was joined with a federal claim under Section 102(a) (1) (2) and (5) of the Act framed upon the same facts. See also Morton v. Local 20, Teamsters, etc., 6 Cir. 1963, 320 F.2d 505, cert. granted, 1963, 375 U.S. 939, 84 S.Ct. 348, 11 L.Ed.2d 270; United Mine Workers of America v. Meadow Creek Coal Co., 6 Cir. 1959, 263 F.2d 52, as examples of joinder by reason of pendent jurisdiction of claims brought under Section 303 of the Act with claims under the state·law founded upon the same material and operative facts.

In view of the different claims included in the present complaint without specific identification, it appears that some clarification of the pleading is proper in order to apprise the defendants of the separate claims as well as particularizing against which defendant or defendants each claim is directed. While dismissal of the complaint is not proper under the circumstances, the Court will permit plaintiff to amend if he be so advised. Failing this, defendants may seek their remedy by a motion under Rule 12 (e), Fed.Rules Civ.Proc., 28 U.S.C.A. See Robins v. Rarback, 2 Cir. 1963, 325 F.2d 929, 930; Burris v. International Brotherhood of Teamsters, etc. W.D.N.C. 1963, 216 F.Supp. 38.

Settle order in accordance with the foregoing opinion within ten (10) days on two (2) days' notice.

---

3.  See generally, Note, Pendent Jurisdiction, 62 Colum.L.Rev. 1018 (1962).