**William C. VINCENT**

v.

**PLUMBERS & STEAMFITTERS LOCAL NO. 198, et al.**

**Civ. A. No. 72–136.**

United States District Court,
M. D. Louisiana.

Nov. 7, 1974.

Wendell G. Lindsay, Jr., Gill, Lindsay, Seago & Beckner, Baton Rouge, La. for plaintiff.

C. Paul Barker, Dodd, Barker, Boudreaux, Lamy & Gardner, A Division of Dodd and Barker, A Law Corporation, New Orleans, La., Patrick C. O'Donoghue, James R. O'Connell, O'Donoghue & O'Donoghue, Washington, D. C., for defendants.

E. GORDON WEST, District Judge.

Plaintiff, William C. Vincent, claims to have met the requirements for membership in the United Association of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada (hereinafter referred to as United Association or U. A.) and in the Plumbers and Steamfitters Local No. 198 (hereafter Local 198), but alleges that he has been arbitrarily and capriciously denied entry into those unions. He sues both unions, together with certain individual officers thereof, seeking injunctive relief, declaratory judgment, and damages. He attempts to invoke the jurisdiction of this Court under 28 U.S.C. § 1331; Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; Sections 101 and 102 of the Labor Management Reporting and Disclosure Act of 1959 (LMRD), 29 U.S.C. §§ 411, 412; and by invoking pendent jurisdiction for claims incident to this cause arising under State law.

The plaintiff claims that he was and is a member of U. A. as membership is defined in Section 3(o) of the LMRD Act, 29 U.S.C. § 402(o). He contends that he was initiated into U. A. on May 11, 1969, and that his membership book was issued by Local 466 in Provo, Utah. In 1971 plaintiff attempted to transfer his membership to Local 198 in Baton Rouge, Louisiana, but was not permitted to do so. In late 1971 plaintiff's membership in U. A. was cancelled for what U. A. claims to be "false and fraudulent misrepresentations" contained on plaintiff's application for U. A. membership. Membership in U. A. is a pre-requisite

to membership in Local 466 and/or Local 198. Plaintiff denies the alleged misrepresentations and contends that the cancellation of his U. A. membership was the result of illegal collusion between Local 198 and U. A. As a result of his inability to become a member of Local 198, he claims to have been deprived of the opportunity to work at his trade.

Several motions have been filed, all of which are presently before the Court and will be considered separately.

## I.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST ALL DEFENDANTS ON THE ISSUE OF LIABILITY.

█ It requires nothing but a most cursory look at the two volume record in this case to conclude that there are contested issues of material fact involved at this time, particularly as to the question of whether or not the plaintiff has met the requirements for membership in the defendant unions. Since summary judgment may be granted only in those instances where there are no material issues of fact involved, it is obvious that the basic issue of liability cannot, at this time, be disposed of in a summary manner. The plaintiff's motion for summary judgment must, and will therefore be denied.

## II.

### MOTION OF THE DEFENDANT, LOCAL 198, FOR SUMMARY JUDGMENT.

█ Local 198 asserts four separate grounds upon which it bases this motion. The first is that the plaintiff's complaint fails to state a claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, over which this Court has jurisdiction. Secondly, the same ground for dismissal is asserted as to the plaintiff's claim under Sections 101 and 102 of the LMRD Act of 1959, 29 U.S.C. §§ 411 and 412. Third, it is

asserted that plaintiff's complaint fails to state a claim based upon failure of the defendants to properly represent the plaintiff, and fourth, it is contended that any claim based upon failure to represent the plaintiff has prescribed by the State prescriptive period of one year.

Looking first at the plaintiff's claim based upon an alleged violation of Section 301, the Court concludes that the defendant's motion for summary judgment as to that claim should be granted. Section 301 provides in pertinent part:

> " (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The primary question presented here is whether or not the plaintiff's claim, for the purposes of Section 301 jurisdiction, arises out of "contracts between an employer and a labor organization * * * or between any such labor organizations." We must conclude that it does not. There is no collective bargaining agreement involved in the plaintiff's claim. His only claim is based upon an alleged refusal of the defendant unions to admit him to membership as required by the constitution and by-laws of the union. A similar situation was considered in Hotel and Restaurant Employees Local 400 v. Svacek, 431 F.2d 705 (CA 9—1970), and the Court concluded:

> "We have been cited to no authority that would permit the union constitution to be used as a contract for jurisdiction under § 301 in an intra-union problem unrelated to a collective bargaining agreement."

While there are cases which have held that the constitution of an international union is a "contract" between the inter-

national, its members, and its locals, see Local Union No. 28, etc. v. International Brotherhood of Electrical Workers, 197 F.Supp. 99 (D.Maryland–1961), and cases cited therein, nevertheless no cases have been found which recognize Section 301 jurisdiction in a suit by a member against his local union or against the parent international unless there has been found a connexity between the constitution and an alleged violation of a collective bargaining agreement. See Burris v. International Brotherhood of Teamsters, etc. 216 F. Supp. 38 (W.D.N.C.–1963). Since plaintiff's case in no way involves an alleged violation of a collective bargaining agreement, but concerns itself entirely with intra-union problems evolving around the union's constitutional requirements for membership, no Section 301 jurisdiction is present. Thus, insofar as plaintiff's claim under Section 301 is concerned, the motion of Local 198 for summary judgment should be and will be granted.

As to the motion of Local 198 for summary judgment dismissing plaintiff's claim under Sections 101 and 102 of the LMRD Act of 1959, 29 U.S.C. §§ 411, 412, the Court concludes that summary judgment is not in order.

■ Section 101 of the Act, 29 U.S.C. § 411, commonly referred to as the union member's Bill of Rights, is designed to protect certain, specified rights of union members. One of the rights protected· is the right of every member to have equal rights and privileges within the union and particularly to be free from improper disciplinary action; to have the right to attend meetings, to nominate and vote in elections, to assemble and speak freely, to have a voice in the assessment and collection of dues, and to have the right to sue if necessary for protection of these rights. In order to exercise these rights, one must be a "member" of the union. But membership is not predicated entirely on the issuance of a membership card by the union nor upon the acceptance by the union of one into membership. Title 29 U.S.C. § 402(o) defines "member" as follows:

"(o) 'Member' or 'member in good standing', when used in reference to a labor organization, includes any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization."

Plaintiff alleges that he has met all of the constitutional requirements for union membership and is thus entitled to the protection of Section 411. The defendants contend that plaintiff is not a member of the union as contemplated by the LMRD Act. Thus, as to that issue, the lines are drawn and must be resolved. While Section 411 speaks in terms of "members'" rights, Congress wisely in Section 402(o) so defined "member" as to prevent a union from refusing to issue a membership card to a qualified person and thus effectively deny him his right to enforce the very right that Section 411 was designed to protect. Thus, when the plaintiff alleges that he has fulfilled the requirements for membership as defined in Section 402 (o), he has established his right to sue for enforcement of the rights protected by Section 411. This was the holding in Hughes v. Local No. 11 of Internat'l Ass'n of Bridge, etc., 287 F.2d 810 (CA 3—1961), cert. den. 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32. In that case the plaintiff sued to compel a local union to effectuate his transfer to it from another union. The pivotal issue was whether or not the plaintiff had sufficiently alleged that he was a member of the local union to entitle him to sue for the protection of Section 411. The District Court held that the plaintiff had not set out a valid claim under the LMRD Act. This holding was predicated on the assumption that Section 411 "presumed membership" in the union, and since

"membership" was what the plaintiff was seeking, he could not be "presumed" to be a member. The Court of Appeals reversed and remanded the case to the District Court for, among other things a determination as to whether or not the plaintiff had in fact, in accordance with the definition of membership contained in 29 U.S.C. § 402(o), met membership requirements. Thus his right to sue under Section 411 was established in view of his allegations asserting his qualifications for membership.

On remand, the District Court was further instructed to determine, if they found plaintiff to be a member, whether or not his Section 411 rights were violated, and also to determine whether or not the plaintiff had complied with the provisions of Section 101(a)(4) requiring him to exhaust reasonable intra-union hearing procedures before filing suit.

■ As carefully noted by the Court in *Hughes,* the fact that the Court accepts jurisdiction of plaintiff's claim to membership does not, of itself, require that the plaintiff be actually admitted to membership. The Court said:

"It should be apparent, however, that nothing contained in this opinion can be construed as impairing the right of a labor organization to set up any requirements it wishes with respect to the acquisition of membership. We hold only that where a person has fulfilled all of the requirements for membership actually prescribed by a labor organization he is a member as defined by Section 3(o)." 287 F.2d at p. 817.

The Court further noted that:

" * * * a United States district court has jurisdiction to determine the validity of any substantial claim asserted under the 'Bill of Rights' subchapter of the Labor-Management Reporting and Disclosure Act of 1959 even though it may determine ultimately that the claim is not one upon which relief may be granted." 287 F.2d at p. 814.

While in the *Hughes* case there was apparently no question as to the plaintiff's membership in the international and in fact in the local from which he was attempting to transfer, whereas in the instant case it is the plaintiff's membership in both the international as well as the locals that is at issue, this difference does not alter the fact that a substantial claim is asserted by the plaintiff under the "Bill of Rights" of the LMRD Act. The Court is required to hear that claim and determine whether or not it has merit. Whether or not there is any relief that can or should be granted by this Court is a matter to be considered after the threshold question of membership is determined. See Hughes v. Local No. 11, etc., supra, at p. 818. Suffice it to say that for the reasons herein stated, the motion of Local 198 for summary judgment dismissing plaintiff's suit insofar as it is based on Title 29, U.S.C. §§ 411, 412, must be denied.

■ Local 198 next seeks dismissal of plaintiff's claim insofar as it is based on the allegations that the union failed to properly represent the plaintiff. We think this motion is sound. The duty of a union to represent a member is, of course, limited to situations where the member's need for representation arises from a dispute between the member and someone other than the union itself, such as the employer. Where the member's dispute is with the union itself, such as the case here, where the whole dispute revolves around the question of whether or not the complainant is really a member of the union, it would make little sense to require the union to represent the complainant against itself. The conflict of interest is so apparent as to require no further discussion. We do not, however, decide the question of whether or not the plaintiff's cost of prosecuting a suit such as this against the union may be assessed against the union should the plaintiff prevail in his suit. The motion of Local 198 for summary judgment dismissing plaintiff's case insofar as it

is based on the alleged failure to represent the plaintiff in his complaint against the union will be granted without prejudice to the plaintiff's right to seek reimbursement for the cost of this suit should he prevail. This holding makes moot the motion to dismiss on the ground that the claim based upon alleged failure to represent has prescribed.

## III.

MOTIONS BY UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, MARTIN J. WARD, WILLIAM T. DODD, AND E. N. BLAIR FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF'S SUIT.

These movers first seek to dismiss on the ground that the plaintiff has failed to state a claim under the Labor Management Reporting and Disclosure Act because he is not a member of the union. Coupled with that ground is the assertion that the plaintiff's case should be dismissed against each individual defendant because (a) an action under Section 301 may not be maintained against individuals, and (b) there is no individual liability under Sections 101 and 102 (29 U.S.C. §§ 411, 412), and further that since there is no alleged violation of a "contract" within the purview of Section 301, the plaintiff's claim should be dismissed. All of these grounds except that relating to the plaintiff's suit against the individual defendants are the same as those urged in the motion filed by Local 198 and previously discussed herein. For the reasons set forth in that prior discussion, the motion to dismiss plaintiff's case on the ground that the plaintiff has failed to state a claim under the LMRD Act, and on the ground that there is no alleged violation of a contract as contemplated by Section 301 will be granted insofar only as plaintiff's claim is grounded on Section 301 of the Act.

■ Movers further urge that the individual defendants should be dismissed because there can be no individual liability under Section 101 and Section 102, (29 U.S.C. §§ 411, 412) of the Act. This assertion is without merit. Movers cite Tomko v. Hilbert, 288 F.2d 625 (CA 3—1961); Cole v. Hall, (unreported opinion—D.C.N.Y.1969), aff'd 462 F.2d 777 (CA 2—1972); and Keenan v. Carpenters Metropolitan District Council, 266 F.Supp. 497 (D.C.Pa.1965) as authority for their contention. But those cases dealt with alleged private misconduct of union officials as distinguished from acts committed in the course of performance of official duties. Since here, plaintiff alleges that the acts complained of were committed by the individual defendants in the performance of their official duties, he does state a claim upon which relief could conceivably be granted. See Cox v. Hutcheson, 204 F.Supp. 442 (S.D.Ind.—1962). Thus, the motion to dismiss the individual defendants from this suit insofar as the Sections 411, 412 claims are concerned must be denied.

Since we have already concluded that under the circumstances of this case there was no duty on the unions to represent the plaintiff in his claim against the unions, the motions to dismiss the plaintiff's case insofar as it is based on a claim of failure to represent will be granted.

Movers next urge that this Court should not retain pendent jurisdiction over any claims that the plaintiff might wish to pursue under State law because the plaintiff has failed to state a meritorious federal claim. This motion, of course, will be denied since the question of whether or not the plaintiff's federal claims are meritorious must await a hearing on the merits.

■ Lastly, movers seek dismissal on the ground that they cannot be held responsible for the actions of Local 198 in refusing membership to the plaintiff. But the plaintiff alleges that these movers actively participated in the de-

nial of membership to the plaintiff, and hence he has stated a claim upon which relief could conceivably be granted. Thus, the motion for summary judgment insofar as it is based on that ground must also be denied.

## IV.

## MOTION OF UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA TO QUASH SERVICE AND THEN TO DISMISS FOR LACK OF SERVICE.

This motion is based on the contention that the United Association does not transact any business in the State of Louisiana and that therefore they are not amenable to service of process. While the question of whether or not the United Association does business in Louisiana, or has minimal contacts with the State of Louisiana, is a question of fact to be best determined on a trial on the merits, a cursory review, nevertheless, of this record certainly indicates sufficient contact with the State of Louisiana to warrant a denial of this motion at this time. Thus, the motion to quash service of process will be denied.

## V.

### MOTION BY ALL DEFENDANTS TO DISMISS.

This motion, by all defendants, first seeks to dismiss the plaintiff's suit as to all defendants without stating specific reasons therefor. As heretofore noted in this opinion, while the plaintiff's case has been dismissed as to certain aspects of his claims, no defendant has been completely dismissed from the suit. This motion does not urge any grounds for dismissal that have not already been considered. The second ground for this motion to dismiss is that the plaintiff fails to state a claim under Section 301 of the Labor Management Relations Act upon which this Court could grant

relief. Since this same ground has been urged by the defendants individually and since it has been decided that the plaintiff's claim under Section 301 should be dismissed, this motion to dismiss as to Section 301 claims will, of course, be granted. Lastly, the defendants ask that the suit be dismissed as to Counts Six and Seven "for failure to state clear and concise claims under the Federal Rules." This motion will be denied.

A Minute Entry disposing of these motions in accordance herewith will be entered in the record.