Eugene McPARTLAND and Daniel E. McPartland, Plaintiffs,

v.

UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPE FITTING INDUSTRY OF the UNITED STATES AND CANADA, U.A. Local 313 of Jackson, Michigan, and Metal Trades Branch Local Union 638B, Defendants.

No. 79 C 1722.

United States District Court,
E. D. New York.

March 13, 1980.

Gene Crescenzi, New York City, for plaintiffs.

O'Donoghue & O'Donoghue, Washington, D.C., and Schulman & Abarbanel, New York City by Sally M. Armstrong, Washington, D.C., David Jaffe, New York City, for defendant, United Association.

George J. Brannick, Jackson, Mich., for defendant Local 313.

Peter Kaiser, New York City, for defendant Local 638B.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs, former members of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, have sued the national Union located in Washington, D.C., and two affiliated locals, Local 313 of Jackson, Michigan, and Local 638B of Long Island City, New York, alleging violations of plaintiffs' rights under Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411 et seq., and seeking to recover lost wages and treble damages.[1] The action is now before the court on defendants' motions to dismiss for lack of proper venue and for failure to state a claim upon which relief can be granted, Rule 12(b)(3), (6), F.R.Civ.P.

Plaintiffs' complaint is hardly a model of clarity but these facts appear to form the basis of their claim. Prior to August 1, 1973, it is alleged that plaintiffs had been for some eight years members in good standing of Local 638B, located at that time in the Southern District of New York but since moved to this district. Desiring to leave New York City for personal reasons and relocate in Jackson, Michigan, plaintiffs requested and received travel cards from Local 638B in the expectation that these would enable them to transfer to Local 313, which had jurisdiction in the Jackson, Michigan area. Upon plaintiffs' removal to Jackson, however, Local 313 refused to accept the travel cards as granting transfer privileges, insisting that transfer cards were required.

Somewhat cryptically the complaint further alleges

---

[1] An almost identical complaint filed in the Southern District of New York was dismissed as against all defendants for improper venue in December 1978.

"[t]hat the plaintiff has been deceitfully promised that his rights to transfer from LOCAL 638B to LOCAL 313 in Jackson, Michigan, would be consummated under the Constitution and by-laws of the international and labor organization, as appears from a letter dated November 29, 1976, annexed hereto and made part hereof as if the same were set forth herein at length. However, when the plaintiff, on January 2, 1977, appeared at the offices of Leo Brannick of LOCAL 313, Jackson, Michigan, pursuant to the said letter, he was advised by Leo Brannick that he required a transfer card. Under the by-laws and constitution of the international and labor organization, a transfer card was not issuable at the time to the plaintiff, in violation of plaintiff's rights which were changed as of August 20, 1976 to three (3) years prior to his application for the transfer card."

Although the letter of November 29, 1976, above-referred to, is not in fact annexed to the complaint, a copy appears in the motion papers of the national Union. The letter is addressed to an attorney in New York City, is signed by Martin J. Ward, general president of the national Union, and states in full:

"Dear Mr. Nishman:

This will acknowledge receipt of your correspondence dated November 12, 1976 regarding the transfer of Brother Eugene McPartland, Card No. 919772, from the Metal Trades Branch of Local Union 638 to the Metal Trades Branch of Local Union 313.

I have been advised that Business Manager Brannick of Local Union 313 was in attendance at the Ohio State Pipe Trades meeting at the time Brother McPartland attempted to deposit his Transfer Card in early August 1976, and Brother McPartland was advised by the office secretary to return when Mr. Brannick was in the office and his Transfer Card would be accepted.

To this date Brother McPartland has not returned to, or contacted, the office of Local Union 313. Mr. Brannick was contacted after receipt of your correspondence dated November 12, 1976 and we were advised the Transfer Card of Brother McPartland will be accepted when presented to Brother Brannick. He also suggests that Brother McPartland phone him, and he will make an appointment to accept same."

Addressing first the question of proper venue, the civil enforcement section of LMRDA provides that an action alleging infringement of a right secured by Title I shall be brought in the district where the alleged violation occurred, or where the principal office of the defendant labor organization is located. 29 U.S.C. § 412. Neither the national Union, located in Washington, D.C., nor Local 313 has its principal office in this district. Venue is proper as to these defendants, therefore, only if their alleged violations occurred in the Eastern District of New York. There is no allegation, however, that either the Union or Local 313 committed any acts in this district; to the contrary, it is manifest from the face of the complaint that if the refusal to honor plaintiffs' travel cards violated any right secured by the LMRDA, the wrong did not occur in New York but in Jackson, Michigan or Washington, D.C.

Furthermore, the reference in the complaint to "conspiratorial behavior" of defendants would not support venue in this district as to the Union and Local 313 on the basis of the presence here of Local 638B. An allegation of conspiracy to violate plaintiffs' rights under the LMRDA adds nothing to the substance of the allegations against the separate defendants, see *Abrams v. Carrier Corporation*, 434 F.2d 1234, 1253 (2 Cir. 1970); see also *Cole v. Hall*, 35 F.R.D. 4 (E.D.N.Y.1964), *aff'd on two other grounds*, 339 F.2d 881 (2 Cir. 1965), and 462 F.2d 777 (2 Cir. 1972), *aff'd*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), and does not suffice to bring the non-resident defendants into this jurisdiction under § 412 when the acts complained of occurred elsewhere.

Nor can the acts of Local 638B be attributed to the national Union so as to

make venue proper as to that organization. Plaintiffs' conclusory allegations of an agency relationship are unsupported by any suggestion that the Union authorized or ratified the actions of Locals 313 or 638B. A parent labor organization cannot be held *per se* responsible for and identified with the conduct of affiliated local unions. *Barefoot v. International Bro. of Teamsters*, 424 F.2d 1001, 1004 (10 Cir.), *cert. denied*, 400 U.S. 950, 91 S.Ct. 239, 27 L.Ed.2d 257 (1970); *Baldwin v. Poughkeepsie Newspapers, Inc.*, 410 F.Supp. 648, 650 (S.D.N.Y.1976). *Cf. Vincent v. Plumbers and Steamfitters Local No. 198*, 384 F.Supp. 1379 (M.D.La.1974).

 Since the complained of acts of the Union and Local 313 did not occur in this district, and neither has its principal office in this district, venue is improper and the action is dismissed as against those defendants. *Smith v. American Federation of Musicians of United States and Canada*, 47 F.R.D. 152 (S.D.N.Y.1969).

 Turning to the claim insofar as asserted against Local 638B, it is conceded that its principal office is now located in this district and that venue is proper. That defendant has moved to dismiss the complaint, however, for failure to state a claim upon which relief can be granted. On such a motion, of course, the question is not whether plaintiffs will ultimately prevail against Local 638B but whether they are entitled to offer evidence in support of their claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Lipsky v. Com. United Corp.*, 551 F.2d 887, 895 (2 Cir. 1976). Thus, all well-pleaded material allegations must be accepted as true and the complaint construed in favor of the complaining parties, *Cruz v. Beto*, 405 U.S. 319, 323, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972); *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), recognizing

that there cannot be a dismissal unless it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief as against Local 638B. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). See generally *Scheuer v. Rhodes, supra*, 416 U.S. at 237, 94 S.Ct. at 1686–1687. Applying these principles, the court is unable to discern on the face of the complaint any basis for believing that a right to relief exists as against Local 638B.

 It is plain from the complaint that plaintiffs requested *travel* cards from Local 638B and that is what they received. There is no allegation that they requested the issuance of *transfer* cards and were refused, or that Local 638B did anything to prevent the transfer they sought. As previously noted, a bare allegation of "conspiratorial behavior" is no substitute for a statement of some facts which, if proved, would entitle plaintiffs to relief against Local 638B. Particularly is this so when their complaint clearly reveals that if they have any claim at all under the LMRDA, it is solely one for wrongful refusal to accept a transfer of membership. See e. g., *Hughes v. Local No. 11 of International Ass'n of Bridge, etc.*, 287 F.2d 810 (3 Cir.), *cert. denied*, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961); *Ferger v. Local 483 of International Ass'n, Etc.*, 238 F.Supp. 1016 (D.N.J.1964), aff'd. 342 F.2d 430 (3d Cir. 1965). That claim would lie only against Local 313 in Jackson, Michigan.[2]

Accordingly, the motions of the Union and Local 313 to dismiss for lack of venue are hereby granted, as is the motion of Local 638B to dismiss the complaint for failure to state a claim against it.

SO ORDERED.

---

**2.** In *Hughes* and *Ferger, supra*, the union members had fulfilled all the requirements for transfer into another local and the local refused to perform purely ministerial acts of recognition of membership. See *Gavin v. Structural Iron Workers Local 1, Etc.*, 553 F.2d 28 (7 Cir. 1977). Local 313, of course, may have had the right to refuse plaintiffs' travel cards which seem to imply an itinerant status.