Albert J. **FITZGERALD**, individually and as representative of the members of the United Electrical, Radio and Machine Workers of America (UE), Plaintiff,

v.

Norman **HAYNES**, Matthew Shelley, John Mapstone, Vanetta Groce, Marian Hart, Jean Johnson, Hazel Frederick, Rex Greeley, Earl Caton, Ruth Ohl, Freda Schwenkmeyer, Benjamin Riskin and Alfred Ellis, Defendants.

Civ. A. No. 5719.

United States District Court
M. D. Pennsylvania.
Dec. 20, 1956.

Merrill W. Linn, Lewisburg, Pa., David Cohen, Philadelphia, Pa., Donner, Kinoy & Perlin, New York City, for plaintiff.

Robert Wise, Williamsport, Pa., Martin R. Bradley, Jr., Buffalo, N. Y., Plato E. Papps, Washington, D. C., for defendants.

FOLLMER, District Judge.

The issues here arise on motion to strike the complaint for lack of jurisdiction to grant the injunctive relief prayed for.

The complaint alleges:

(a) that the plaintiff is a citizen of Massachusetts, the defendants are residents of Pennsylvania, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $3,000;

(b) that the plaintiff is the duly elected President of United Electrical, Radio and Machine Workers of America (UE), (hereinafter referred to as "UE") an unincorporated labor association, and that the plaintiff sues individually and on behalf of the members of UE as their representative and as President of UE;

(c) that prior to September 21, 1956, the named defendants were, respectively, officers of Local 639 UE, Local 636 UE, a field organizer of UE in and about Emporium, Pennsylvania, a field organizer of UE in and about Mill Hall, Pennsylvania, and an International Representative of UE;

(d) that the above numbered UE Locals were created and existed by reason of an individual charter issued by UE.

At the argument it developed that by an agreement dated October 28, 1955, Sylvania Electric Products, Inc., (hereinafter referred to as "Sylvania") recognized United Electrical Radio and Machine Workers of America (UE) as the exclusive collective bargaining representative with respect to rates of pay, wages, hours of employment or other conditions of employment, for all employees in the bargaining units where the UE, through a National Labor Relations Board certificate, has been designated as the exclusive collective bargaining agent; that under date of September 26, 1956, Sylvania was notified in writing by International Association of Machinists that on September 25, 1956, Locals 639 and 636 United Electrical, Radio and

Machine Workers of America (UE), representing Sylvania's employees at Mill Hall and Emporium, Pennsylvania, respectively, at meetings duly called and held, voted to disaffiliate from UE and to affiliate with International Association of Machinists, IAM–AFL–CIO, and that the employees formerly represented by UE now desired to be represented by IAM–AFL–CIO. The notification further requested Sylvania to abide by the will of the membership of former Locals 639 and 636 UE and to execute an agreement with IAM–AFL–CIO, incorporating the terms of the national contract and local supplements entered into between Sylvania and UE and its locals dated October 28, 1955, as modified and executed. That upon filing with the company of evidence of action taken by the respective locals with respect to said disaffiliation with UE, the company did, under date of September 26, 1956, enter into an agreement with IAM–AFL–CIO in behalf of and in conjunction with its affiliated Sylvania Electric Lodges Nos. 2173 and 2174 (hereinafter referred to as the "Union"), such Sylvania Electric Lodges having been formerly designated respectively as Local Unions Nos. 639 and 636, United Electrical Radio and Machine Workers of America (UE), wherein Sylvania took cognizance of the action of disaffiliation by the said locals, formerly of UE now of IAM–AFL–CIO, and whereby Sylvania and the Union did agree that they are each bound by said contractual relationship and that the existing relationship shall be deemed amended by substituting the name International Association of Machinists AFL–CIO in the place and stead of the name United Electrical, Radio and Machine Workers of America (UE) wherever the latter name appears. Under date of October 4, 1956, Sylvania was advised by the National Labor Relations Board that the International Union of Electrical, Radio and Machine Workers, AFL–CIO, had filed with the Board its petition for certification of representatives pursuant to Section 9(c) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 159(c); that a Field Examiner had been assigned to investigate the petition, and requesting certain data from the company.

The complaint then charged the defendants and others with conspiracy to strip the UE Locals and to divert funds and assets from UE to a rival organization, IAM–AFL–CIO. Thereupon, on September 29, 1956, the Court did make an order temporarily restraining defendants from:

"(a) transferring, expending, using or disbursing any of the funds, including the dues checked off and to be checked off, assets or property of UE or UE Locals 639 and 636,

"(b) using or occupying the properties and the contents thereof located at 213½ South Maple Street, Emporium, Pennsylvania, and 61 Pennsylvania Avenue, Mill Hall, Pennsylvania, or of any other property belonging to or for the use of such UE locals;

"(c) from concealing or placing beyond the reach of UE any of such funds, assets or property;

"(d) from holding themselves out as officers of any such UE locals;

"(e) from receiving dues, check-off payments, payments, funds or other property, whatsoever, due, payable, or intended to be delivered to UE from the date of this Order, from or by any person or corporation;

"(f) from representing that an assignment to International Association of Machinists has been made of the rights and benefits accruing to Locals 639 and 636 of UE and the members thereof by reason of a certain valid, subsisting contract between Sylvania Electric Products, Inc. and UE;

"(g) from representing that Local 639 or Local 636, or the members thereof, have seceded or disaffiliated from UE."

Then follows the motion to dismiss on the following grounds:

"1. The court lacks jurisdiction over the subject matter because of Plaintiff's failure to bring himself within the requirements of the Norris-LaGuardia Act and the Pennsylvania Anti-Injunction Act.

"2. The court lacks jurisdiction over the subject matter herein because this is a labor dispute within the meaning of Section 2(9) of the Labor-Management Relations Act of 1947 [29 U.S.C.A. § 152(9)].

"3. Locals 636 and 639 UE are indispensable parties to this proceeding and have not been joined as parties herein.

"4. The complaint fails to state a claim upon which relief can be granted.

"5. Plaintiff has adequate remedies at law."

Facts very closely paralleling those in the instant case were before the court in Duris v. Phelps Dodge Copper Products Corporation, D.C.N.J., 87 F.Supp. 229, 232. There Judge Fake, in a very able opinion with which I am in complete accord, said:

"Upon an analysis of the facts above stated, it is found that the dispute here is at bottom a dispute as to which of two competing unions, in the sphere of organized labor, shall function under contract with the employer, Phelps Dodge Copper Products Corporation. The question for solution is whether or not this constitutes a labor dispute within the meaning of the Norris-La-Guardia Act, 29 U.S.C.A. §§ 101-115. If it does, and that Act is effective, this Court is without jurisdiction to grant the injunctive relief prayed for in the complaint. There is no prayer for a money judgment. This raises a question as to whether the Labor Management Relations Act of 1947, by virtue of U.S.C.A. Title 29, Sec. 185(a) thereof, tends to repeal the exclusion of injunctive relief as explicitly guarded by the Norris-LaGuardia Act.

"At the outset a burden falls upon this Court to ascertain what is meant by a labor dispute as here brought into play. The subject matter with which these unions function is organized labor. The dispute is clearly a dispute between warring factions on the subject of collective bargaining, particularly as to which of them shall function with the employer to the exclusion of the other. There are no differences disclosed in the operative terms of the two labor contracts with the employer. Their provisions are the same in all things save only the names of the unions. I, therefore, conclude that the facts here disclose a labor dispute within the provisions of the Norris-LaGuardia Act.

"The next problem relates to the effect of the above Section 185, upon the prior existing anti-injunction provisions of the Norris-LaGuardia Act. In this connection I am very deeply impressed with the sound reasoning of Judge Rifkind in Alcoa S. S. Co. v. McMahon, D.C., 81 F. Supp. 541. In that painstaking opinion the Judge has not only solved the issue as a matter of statutory construction, but as well upon a study of the history of the legislation involved. Nothing I might say can improve upon it. Having found in that case that he had a labor problem before him he concluded that a suit under Section 185(a) opened the door for a money judgment only, and no equitable relief could be granted. I find the same here. The complaint is dismissed for lack of jurisdiction. * * * "

■ In line with the above, it is my conclusion that this Court is without jurisdiction to grant the injunctive relief requested.

■ Furthermore, I am of the opinion that the complaint must be dismissed on the grounds of plaintiff's failure to join two indispensable parties, namely, Locals Nos. 639 and 636, United Electrical, Radio and Machine Workers of

America (UE). For example, paragraphs 11 and 12 of the complaint aver as follows:

"11. On or about September 26, 1956, the defendants illegally and unlawfully executed a document purporting to assign to International Association of Machinists all the rights and benefits accruing to Locals 639 and 636 of UE and the members thereof, by reason of a certain valid, subsisting contract between Sylvania Electric Products, Inc. and UE.

"12. The unlawful acts of the conspirators have already caused immediate, substantial and irreparable injury to UE and its members and unless the illegal acts of the defendants and their fellow conspirators are promptly restrained by this Court, they will result in further immediate, substantial and irreparable injury in that the assets of each of the above numbered UE locals will be secreted and diverted from the purposes of UE and used in behalf of a rival organization, all by persons having no substantial financial means."

Furthermore, the prayer of the complaint in pertinent portions seeks restraint on the defendants as follows:

"(a) transferring, expending, using or disbursing any of the funds, including the dues checked off and to be checked off, assets or property of UE or UE Locals 639 and 636;

"(b) using or occupying the properties and the contents thereof located at 213½ South Maple Street, Emporium, Pennsylvania, and 61 Pennsylvania Avenue, Mill Hall, Pennsylvania, or of any other property belonging to or for the use of such UE local;

\* \* \* \* \* \*

"(d) from holding themselves out as officers of any such UE locals;

\* \* \* \* \* \*

"(f) from representing that an assignment to International Association of Machinists has been made of the rights and benefits accruing to Locals 639 and 636 of UE and the members thereof by reason of a certain valid, subsisting contract between Sylvania Electric Products, Inc. and UE.

"(g) from representing that Local 639 or Local 636, or the members thereof, have seceded or disaffiliated from UE."

Section O, Article 18, of the Constitution and By-Laws, United Electrical, Radio and Machine Workers of America (UE), attached and made a part of the complaint as Exhibit A, provides as follows:

"Section O. Any local union whose good standing members fall below seven (7) may have its charter revoked in accordance with the provisions of Article 18, Section N, and Article 10, Section I, of the International Constitution. Members of such a group may become members-at-large, affiliated directly with the International Union in accordance with Article 20, Section C, or they may transfer to other local unions in the area."

While there is nothing before the Court to indicate the number of employees of Sylvania who retained their membership in UE, from the allegations in the complaint and the prayer of the complaint and the further fact that there is no evidence before the Court of the revocation of charters previously granted to Locals 639 and 636 UE, the inference is inescapable that the said locals have never ceased to exist. Accordingly, the complaint must also be dismissed for failure to join indispensable parties.

Finally, as to the aspect of relief sought relating to the funds and chattels of the two locals and as to the right of occupancy and possession of the Union Halls owned by the locals at Mill Hall, Pennsylvania, and Emporium, Pennsylvania, respectively, I feel that here again the prayer for equitable relief must be denied bcause the plaintiff has adequate remedies at law.