**Robert BARBOUR, Plaintiff,**

v.

**SHEET METAL WORKERS INTERNA-TIONAL ASSOCIATION, a voluntary unincorporated association, Defendant.**

**Civ. A. No. 25155.**

United States District Court
E. D. Michigan, S. D.

Sept. 26, 1966.

Ernest Goodman, Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., for plaintiff.

Sheldon L. Klimist, Zwerdling, Miller, Klimist & Maurer, Detroit, Mich., for defendant; Donald W. Fisher, Mulholland, Robie & Hickey, Toledo Ohio, of counsel.

## OPINION

ROTH, District Judge.

Plaintiff was elected president of Local 292, Sheet Metal Workers International Association, AFL-CIO in August 1962. After the election, plaintiff desired to inspect certain records in the custody of the Business Representative and Financial Secretary of Local 292. The Business Representative and Financial Secretary refused to produce the records* for plaintiff's inspection; and plaintiff organized a "sit-in" at the offices of Local 292 from November 1962 until February 1963. The General President of the International Association, in order to resolve the dispute among local officers, which was impairing its ability to operate effectively, imposed a limited trusteeship on Local 292 on December 27, 1962. The limited supervision failed to resolve the dispute; and the General President assumed complete management and control over the affairs of Local 292 on January 4, 1963. Plaintiff and his supporters resisted the trusteeship, and several law suits resulted in which its validity was at issue

On January 24, 1963, the Honorable Thaddeus Machrowicz, a member of this Court, dismissed a complaint filed by defendant seeking to enjoin Local 292, its officers and members, from interfering with the duties of the appointed trustee because the validity of the trusteeship was not clearly established and the International Association would not leave things as they were until a hearing could be had before the General Executive Council, characterizing it as a failure to do equity. On February 4, 1963, plaintiff circulated a letter to all affiliated locals soliciting help in resisting the trusteeship and charging officers of the International Association with misconduct.

On March 19, 1963, plaintiff appeared before the General Executive Council to oppose ratification of the actions of the General President. The General Executive Council ratified the trusteeship the next day. Charges of misconduct were filed against plaintiff by the trustee on March 29, 1963. The substance of the five charges were as follows:

(1) That plaintiff refused to comply with a decision of the General President that his election to a full-time salaried position was improper; that he defied the instructions of the General President directing him to desist from drawing a salary until it had

---

* There seems to be no explanation in the record for this high-handed act on the part of the Business Representative.

been voted upon by the member-ship after proper notification that such a vote would be taken;

(2) That plaintiff refused to entertain a motion during a November meeting of Local 292 which would have amounted to a rescission of the prior action of the Local putting plaintiff in a full-time salaried position;

(3) That plaintiff presided over an unauthorized meeting during which the Business Representative and Financial Secretary was removed from office without charges or a trial in violation of the International Constitution;

(4) That plaintiff refused to recognize the trusteeship and refused to comply with the orders of the trustee; that plaintiff did not appeal the decision of the General President imposing the trusteeship under the procedural provisions of the International Constitution; and

(5) That plaintiff circulated a letter charging one of the International Vice-Presidents with mishandling of union funds and accusing other International Officers, including the General President, of grave misconduct without preferring charges as required by the International Constitution.

In a decision rendered by the Honorable Fred Kaess, a member of this Court, on April 22, 1963, the validity of the trusteeship was established and an injunction granted prohibiting the members, officers, and agents of Local 292 from interfering with the duties of the trustee.

On July 24, 1963, plaintiff was tried before a trial board selected by the General President and a decision rendered on September 23, 1963, finding plaintiff guilty of charges 1, 3, 4, and 5, and expelling plaintiff from the union. Plaintiff appealed the decision of the trial board to the General Executive Council, which affirmed the trial board's decision of expulsion but without consideration of charge 5.

Plaintiff brought this action under Title 29, Section 412, U.S.C.A., seeking reinstatement with full privileges, compensatory damages, punitive damages, and injunctive relief, alleging that he was denied a fair hearing in violation of Title 29, Section 411(a) (5), U.S.C.A., because the trial board was selected by the General President, who was a target of criticism in plaintiff's letter, which is the basis of charge 5; and because expulsion was, at least in part, a sanction for writing the letter of February 4, 1963, a denial of plaintiff's right to freedom of speech protected by Title 29, Section 411(a) (2), U.S.C.A. Defendant contends a finding of guilty on any one of the charges would have justified expulsion and that the appeal to the General Executive Council cured the defect as it affirmed without consideration of charge 5.

■ The evidence presented justifies the conclusion that the trial board considered all the charges together and imposed the penalty of expulsion upon the findings of guilty as to four of them. Defendant's assertion that inasmuch as the possible penalty for each finding of guilt was expulsion, the Court must conclude that such was the judgment and decision of the trial board is contrary to reason and common sense and can only be characterized as belated rationalization. There is no evidence that the board considered a specific penalty on each conviction.

■■ An important consideration in determining the sanction of expulsion apparently was the resistance of plaintiff to the trusteeship and his failure to seek internal remedies. Exhaustion of internal remedies is not a prerequisite to bringing suit to challenge the validity of a trusteeship. United Brotherhood of Carpenters and Joiners of America v. Brown, 343 F.2d 872 (C.A. 10, 1965). Plaintiff presented to the trial board as a defense to charge 4 that he had a right to have a judicial determination of

the validity of the trusteeship. Disciplining plaintiff for resisting the trusteeship by bringing suit challenging its validity without exhausting internal remedies was a violation of plaintiff's right to sue under Title 29, Section 411 (a) (4), U.S.C.A. Defendant was not entitled to the presumption of validity of the trusteeship until the General Executive Council ratified the action of the General President on March 20, 1963. Title 29, Section 464(c), U.S.C.A., and opinion of Judge Machrowicz in Sheet Metal Workers International Association, AFL-CIO, v. Local 292, et al., Civil Action No. 23410. Until such time as the provisions of Title 29, Sections 464 and 462, U.S.C.A., were fulfilled, the plaintiff had a right to have a judicial determination of the validity of the trusteeship. To hold otherwise would be inconsistent with the intent of the Labor-Management Reporting and Disclosure Act of 1959 in removing the inherent power of international unions to impose trusteeships. United Brotherhood of Carpenters and Joiners of America v. Brown, supra.

 The trial board in considering charge 5, a denial of plaintiff's right to free speech protected under Title 29, Section 411(a) (2), U.S.C.A., and charge 4, a denial of plaintiff's right to sue protected under Title 29, Section 411(a) (4), U.S.C.A., denied plaintiff the right to a fair hearing in violation of Title 29, Section 411(a) (5), U.S.C.A. Plaintiff is entitled to be reinstated with full privileges as a member of Local 292 and the International Association; to have all reference to his expulsion expunged from union records; and to injunctive relief prohibiting members, officers, and agents of Local 292 and the International Association from interfering with his right of free speech. Plaintiff did not carry the burden of proving damages as the direct loss of the wrongful expulsion or malice on the part of the defendant, its officers, and members so as to warrant granting punitive damages. Farowitz v. Associated Musicians of Greater New York, Local 802, 241 F.Supp. 895 (S.D.N.Y.1965).

This holding is without prejudice to any action against plaintiff on proper charges of violations of the International Constitution in accordance with its applicable provisions. Allen v. International Alliance of Theatrical, etc., 338 F.2d 309 (C.A.5, 1964).

An appropriate order may be submitted.