J. Vernon COX, as a member of the United Brotherhood of Carpenters and Joiners of America (hereinafter designated the Union), and as a member of both Local 60 (hereinafter designated the Local) and the Central Indiana District Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America (hereinafter designated the District Council), for and on behalf of himself and all other members similarly situated, Plaintiff,

v.

M. A. HUTCHESON, as (1) an individual and (2) as General President of the Union and (3) as Chairman of the General Executive Board of the Union, being the Union's governing body, hereinafter designated as the G.E.B.;

John R. Stevenson, as (1) an individual, and (2) as First General Vice-President of the Union;

O. William Blaier, as (1) an individual, and (2) as Second General Vice-President of the Union;

R. E. Livingston, as (1) an individual, and (2) as General Secretary of the Union, and (3) as Secretary of the G.E.B.; et al., Defendants,

Carpenters' Local Union No. 60 of the United Brotherhood of Carpenters and Joiners of America, and O. F. Suhr, Rex Holdeman, and Chester A. Bereman, in their respective capacities as President, Financial Secretary, and Business Representative of said Local Union No. 60, and in their individual capacities as members of said Local Union, for and on behalf of themselves, and all other members of Local Union No. 60 similarly situated, Intervening Petitioners.

No. IP–61–C–103.

United States District Court
S. D. Indiana,
Indianapolis Division.

March 23, 1962.

Bingham, Summers & Spilman, Indianapolis, Ind., Weisgal & Sollins, Baltimore, Md., Emmert & Robison, Shelbyville, Ind., Jacobs & Jacobs, Indianapolis, Ind., for plaintiffs.

Royse, Travis, O'Brien & Hendrickson, Indianapolis, Ind., for defendants.

Sherwood Blue, Indianapolis, Ind., for intervening defendants.

DILLIN, District Judge.

Plaintiff filed this action for a permanent injunction against the defendants as individuals and in their respective capacities as officers of the United Brotherhood of Carpenters and Joiners of America (the Union). He asserts a cause of action pursuant to Sections 102, 304 and 609 of the "Labor-Management Reporting and Disclosure Act of 1959" (the Act) (29 U.S.C.A. §§ 412, 464(a) and 529) on behalf of himself and all other similarly situated members of Local 60 of the Union (the Local), and the Central Indiana District Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America (the District Council).

Plaintiff alleges that in 1960 he testified as a witness called by the State of Indiana in a criminal case wherein the defendants Hutcheson, Blaier and another were charged and convicted of conspiracy to bribe certain officials of the State of Indiana, and that because of his giving such testimony the defendants caused false charges to be filed against him in the District Council, of which he was tried and acquitted. That defendants have conspired to defraud, and have defrauded the Union of large sums of money, and that suits are now pending in other courts to recover such sums; that plaintiff has offered to intervene and assist in such litigation against defendants, as they know.

That plaintiff is president of the District Council, and that to deter plaintiff, or any other member of the Union, or local of the Union, or subordinate body thereof, defendants have begun to destroy the District Council by instructing its locals to refuse to pay legal and valid assessments, and in ordering plaintiff to appear before a committee composed of defendants, under the pretext of investigating conduct which they denominate "contrary to the welfare of the Union." That by causing legitimate revenue to be withheld from the District Council, and by asserting unlimited powers over its affairs, including the right to dictate who its officers may be, defendants have established a de facto trusteeship over it for corrupt and personal reasons, and not for any of the reasons prescribed in Section 302 of the Act, 29 U.S.C.A. § 462.

The prayer is that the defendants be ordered to withdraw their instructions to locals to withhold valid assessments from the District Council, and that they be enjoined from penalizing plaintiff, or the District Council, or placing it under trusteeship, and from penalizing or applying economic coercion against any member or subordinate body of the Union for the purpose of intimidating them from seeking legal redress under the law of the land.

■ The defendants Johnson, Rajoppi, Schwarzer, Chandler, Mack, Hiller, and Cambiano were served or purportedly served with process, all outside the State of Indiana, and none of them is a citizen of Indiana. Service as to the defendants Cooper and Bengough, citizens of Canada, was attempted to be made in Indiana upon an attorney for the Union, who refused to accept the same. All of such defendants have filed motions to quash the process and to dismiss plaintiff's claim as to each of them for insufficient service and improper venue. Plaintiff has conceded in his brief that such motions are well taken, and the Court so finds. Blank v. Bitker, 135 F. 2d 962 (7th Cir., 1943). No service of process has been obtained upon the defendants Blaier and Roberts.

Process was properly served upon the defendants Hutcheson, Stevenson, and Livingston, citizens of Indiana, (hereinafter referred to as "the defendants"), who appeared generally and filed motion to dismiss plaintiff's claim upon various grounds, some of which will be discussed individually hereafter.

The defendants first assert lack of jurisdiction over the subject matter because neither the Union nor any other labor organization is made a party defendant and, they say, Sections 102 and 304(a) of the Act provide only for actions against labor organizations. They also assert lack of jurisdiction over the

person of the defendants for the same reason, i. e., that the Act does not authorize suit against individuals or officers of labor organizations.

■ We agree that no labor organization is named as a party defendant, because not so styled in the caption of the complaint. Rule 10(a), Federal Rules of Civil Procedure, 28 U.S.C.A. It is neither sued in its common name, pursuant to Rule 17(b), F.R.C.P., nor in the manner provided by Indiana law. Nelson v. Haley (1953) 232 Ind. 314, 111 N.E.2d 812, 112 N.E.2d 442. However, we disagree in part with defendants' interpretation of the Act.

The first proviso in Section 101(a) (4) of the Act, 29 U.S.C.A. § 411(a) (4), upon which plaintiff's complaint says that he relied in giving testimony against Hutcheson, et al., in the criminal case and in offering to intervene against the defendants in the pending civil cases, reads as follows:

"Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations *or any officer thereof:*"

Section 101(a) (5) of the Act, upon which plaintiff relies, reads in part as follows:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for non-payment of dues by such organization *or by any officer thereof * * *.*"

Finally, Section 609 of the Act provides:

"It shall be unlawful for any labor organization, *or any officer,* agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right

to which he is entitled under the provisions of this Act. The provisions of Section 102 shall be applicable in the enforcement of this section."

The defendants predicate their argument upon the language of Section 102 of the Act which reads as follows:

"Any person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States * * where the alleged violation occurred, or where the principal office of such labor organization is located."

The defendants urge a narrow construction of the second sentence contained in Section 102, that the intention of such sentence is to limit actions for violation of Title I of the Act, 29 U.S. C.A. § 411 et seq. to actions against labor organizations only, and they cite Tomko v. Hilbert, 288 F.2d 625 (3rd Cir., 1961) in support of their position.

We construe the second sentence in Section 102 as intended merely to fix the venue of cases in which a labor organization is, in fact, made a party defendant. In the light of the other language contained in the Act, as above set out, we do not believe that it was intended to limit Title I suits to those against labor organizations as such. Far from being authority for the defendants' position, the Tomko case dismissed plaintiff's action because he sued certain union officials as individuals, and not in their capacities as officials of the union. The case specifically holds, at page 627, "Section 609, 29 U.S.C.A. § 529, protects union members who attempt to enforce their rights under the LMRDA against recriminatory acts of labor organizations *or their representatives* and not the world at large." The case is, however, authority for the proposition

that the Court in the present case has jurisdiction over the defendants only in their official capacities, and not as individuals.

■ It is therefore our opinion that proceedings alleging a violation of Title I of the Act may, in an appropriate case, be brought against either a labor organization or its officers, for wrongful acts rendered by them in their official capacities, or both. However, we agree with the defendants that actions arising out of alleged violation of Title III of the Act (except Section 301) 29 U.S.C.A. § 461 et seq. may be had only against labor organizations as such by reason of the express provisions of Section 304. Therefore, this Court has jurisdiction over the subject matter and of the defendants, in their official capacities only, to the extent, if any, that plaintiff states a cause of action arising under Title I of the Act. To the extent that a cause of action is attempted to be asserted under Title III of the Act, this Court lacks jurisdiction of the subject matter because of plaintiff's failure to make the Union a party defendant.

■ Further, no claim upon which relief may be granted is stated as to the alleged Title III violation, since it is not alleged that plaintiff has filed a complaint with the Secretary of Labor regarding the alleged trusteeship and that the administrative remedies provided by Section 304(a) of the Act have been exhausted. Flaherty v. McDonald (D.C.S.D.Cal.1960) 183 F.Supp. 300; Rizzo v. Ammond (D.C.N.J.1960) 182 F.Supp. 456, 458.

Defendants next assert that the Court lacks jurisdiction over the class or classes purported to be represented by the plaintiff Cox, who claims to represent all members of the Local, the District Council, and the Union. It is obvious that plaintiff does not properly represent the members of the Local, because that labor organization has, by permission of the Court, intervened herein and aligned itself in opposition to Cox. No grievance is asserted as to members of the Union generally, and we fail to see any basis for plaintiff's claimed representation of the many thousands of members of that organization.

As to whether or not Cox had adequately stated a class action on behalf of the members of the District Council, it is true that he is President of that organization and that his principal complaints relate to the alleged attempt of the defendants to wreck the District Council and to impose upon it an illegal trusteeship, all contrary to Title III of the Act. On the other hand, the Court is not required to blind itself to undisputed facts adduced in this case at a hearing held on the ancillary matter of continuing the temporary restraining order heretofore granted to the intervenor, Local 60. From the testimony adduced at such hearing, and in particular the exhibits setting out the minutes of the meetings of the District Council for the several months immediately preceding the filing of this action, it is apparent that the members of the District Council are by no means unanimous in their support of plaintiff's position, and that certain members of the Council appear to shift positions from time to time.

The case of Giordano et al. v. Radio Corporation of America et al. (3rd Cir., 1950) 183 F.2d 558 found the plaintiff attempting a class action on behalf of his local union. The court conceded that the membership of an unincorporated labor union may constitute a class on whose behalf representatives may bring a true class suit to vindicate the common rights of the members as such, but pointed out that Rule 23(a), F.R.C.P., provides that the representatives of the class who bring the suit must be such "as will fairly insure the adequate representation of all." The court then noted that the membership of the local was sharply divided on the question involved, and reversed the district court's finding that plaintiff would fairly insure the adequate representation of all members of the class which he sought to represent. The court

said, in referring to those members of the local who sided with plaintiff:

"This is not such a class as may support a true class suit for it is too ill-defined and ephemeral in make-up. Those who agree with the plaintiff today may be persuaded tomorrow to take sides with his opponents in the Local. In a true class suit the plaintiffs stand in judgment for the class and a judgment for or against the plaintiffs benefits or binds each member of the class personally under the principles of res judicata. The members of the class must, therefore, be capable of definite identification as being either in or out of it. Such identification would not be possible in a case, such as this, of fluid factional groups in a labor union."

■ It seems to us that the foregoing principle is completely applicable to the facts here, and we therefore find that the plaintiff Cox does not adequately represent any of the various classes for whom he professes to act and that the complaint, to the extent that it attempts to state a class action, should be dismissed. Our finding in this regard makes it unnecessary to determine whether the Act provides for or permits class actions for enforcement of rights under Titles I, III and VI thereof.

■ It does not follow, however, as defendants contend, that the entire action should be summarily dismissed merely because it fails as a class action. Plaintiff has brought his suit individually, as well as on behalf of the classes mentioned, and if he has stated a good cause of action against the defendants on his own behalf, the same should not be dismissed as to him. Weeks et al. v. Bareco Oil Co. et al. (7th Cir., 1941) 125 F.2d 84; Rule 21, F.R.C.P.

We now consider the ground for dismissal asserted by the defendants that the complaint fails to state a claim upon which relief may be granted. The underbrush having been cleared away by our previous determinations, the question is simply as to whether or not the complaint is sufficient under Title I of the Act to state a claim by J. Vernon Cox, as an individual, against Hutcheson, Stevenson, and Livingston as officers of the Union.

■ In paragraph XII of the complaint, plaintiff charges that defendants caused false Union charges to be filed against him in the District Council in violation of Section 101(a) (5) of the Act, but that he was tried and duly acquitted of such charges. Clearly, therefore, any question regarding such charges is moot.

In paragraph XIII(b), plaintiff alleges that defendants have:

"Ordered plaintiff to appear before a committee composed of defendants, under the pretext of investigating conduct which they denominate 'contrary to the welfare of the Union,' but in which they submit no specific charges as prescribed by Section 101(a) (5) of the Act, except that the locals refusing to pay the District Council had been held ineligible to vote, as prescribed in the Union's laws (Exhibit 'A'), and the District Council's laws, hereto attached as Exhibit 'B', and the financial crisis of the District Council, which defendants themselves brought about by instructing nonpayment, and further because the District Council refused to expel its Secretary-Treasurer."

This allegation appears, on its face, to charge that defendants have ordered J. Vernon Cox, as an individual, to face unspecified charges contrary to that portion of the Act cited in his complaint, and absent any further enlightenment we would be inclined to hold the allegation good as against a motion to dismiss.

However, in a supplemental affidavit filed in support of his petition for a temporary restraining order without notice, Cox amplified the allegation above mentioned by setting out a copy of the notice received by him, from which it appears that the notice was received by him in his official capacity as president of the

District Council, as forwarded by the defendant Livingston, in his official capacity as secretary of the Union. The notice reads as follows:

"R. E. Livingston,
"General Secretary
"United Brotherhood of Carpenters and Joiners of America
 "Office:
 "Carpenters' Building
 "222 East Michigan St.
 "Indianapolis 4, Ind.
  "April 5, 1961
"J. Vernon Cox, President
"Central Indiana District Council
"1010 East Market Street
"Indianapolis, Indiana

"Dear Sir and Brother:

"You are hereby notified that pursuant to the provisions of Section 10 K of the Constitution and Laws of the United Brotherhood a Committee has been appointed to hold a hearing on April 11, 1961, at 10:00 A.M. C.D.T. at the Severin Hotel concerning the conduct of the affairs of the Central Indiana District Council and Local Unions 60 and 3261, including but not limited to the following subjects.

"(1) The action of the presiding officer of the District Council in limiting the rights of delegates of several Local Unions affiliated with the District Council for the reason that the Local Unions which they represent were allegedly in arrears in the payment of an assessment.

"(2) The appointment as Secretary-Treasurer of the District Council of a person who was not and is not now eligible for membership under the provisions of Section 42 of the Constitution and Laws of the United Brotherhood.

"(3) The finances and financial condition of the Central Indiana District Council.

"After the foregoing matters were given careful consideration by the General Executive Board, the Board instructed the General President to appoint a Committee to investigate the affairs of the Central Indiana District Council in accordance with the provisions of Section 10K of the Constitution and Laws of the United Brotherhood. The General Executive Board also instructed the General President to assign the same Committee to investigate the affairs of Local Unions 60 and 3261.

"A copy of this letter is being sent to all other Local Unions affiliated with the Central Indiana District Council for the purpose of affording the officers and members of the Local Unions an opportunity to appear to present their views with respect to the matters set forth above and any other matters which in the opinion of the Committee shall be deemed relevant.

 "Fraternally yours,
 "/S/ R. E. Livingston
 "GENERAL SECRETARY
"REL: sjb"

Section 10K of the Constitution of the Union provides as follows:

"K Whenever it appears to the satisfaction of the General President that any Local Union or member thereof, or any District, State or Provincial Council is acting contrary to the welfare of the United Brotherhood of Carpenters and Joiners of America, or that the interest of the United Brotherhood otherwise requires, he may appoint a committee to hold a hearing after due notice to such subordinate body or member. Upon completion of the hearing, the committee shall report its findings and recommendations to the General Executive Board and to the member or subordinate body involved. The General Executive Board is empowered to take such action as is necessary and proper for the welfare of the United Brotherhood of Carpenters and Joiners of America, subject, however, to the

right of appeal to the next General Convention."

Since the actual notice of hearing relied upon as threatening a violation of the Act has been thus brought into the record, its language must control over the allegation of conclusions on the part of the pleader. Pelelas v. Caterpillar Tractor Co. (7th Cir., 1940) 113 F.2d 629.

Thus it appears that, far from the defendants "ordering" Cox as an individual to face unspecified charges, the General Executive Board of the Union determined to hold an inquiry, as it had a right to do under the Union Constitution, into various controversies involving Cox in his official capacity as president of the District Council, the dispute between the District Council and Local Union 60 regarding payment of assessments, and matters regarding Local 3261.

This Court recognizes that all members of the General Executive Board are among those persons originally joined as defendants herein. Notwithstanding such fact, and notwithstanding the grave charges against the defendants with which plaintiff has embellished his complaint, this Court cannot undertake to anticipate the outcome of the Section 10 K investigation, and particularly cannot anticipate that as an incident of such investigation, without more, defendants or the Union would undertake to fine, suspend, expel, or otherwise discipline plaintiff, as an individual, without compliance with the safeguards established by Section 101(a) (5) of the Act.

What plaintiff is really asking this Court to do, it develops, is to enjoin the officers of the Union from carrying on a Section 10 K investigation—or in other words, to nullify a section of the Union Constitution. This we cannot do.

We have already pointed out that the complaint does not, in our opinion, state a cause of action pursuant to Title III of the Act. To the extent that plaintiff alleges that defendants are crippling the District Council and are attempting to impose a trusteeship over it for the sole purpose of punishing him, however, we should add that—even if true—such allegations would not be sufficient to state a claim under the Act in favor of Cox, as an individual. The interest of Cox in the District Council is in maintaining his position as president of that body; but the Act is intended to protect him only in his rights as a member of the Union, and not as an officer of the District Council. Strauss v. International Brotherhood of Teamsters (D.C.Pa., 1959) 179 F.Supp. 297; Jackson v. Martin Co. (D.C.Md.1960) 180 F. Supp. 475; Allen v. Armored Car Chauffeurs (D.C.N.J.1960) 185 F.Supp. 492.

Therefore, without discussing the various other reasons assigned by defendants in their motion, we find that plaintiff's complaint should be dismissed in its entirety, and that the temporary restraining order heretofore issued against the defendants should be dissolved.

The intervening petition remains before the Court. Switzer Brothers, Inc. v. Chicago Cardboard Co. et al. (7th Cir., 1958) 252 F.2d 407. The Court now, on its own motion, will consider its jurisdiction to consider the issues presented thereby.

The motion to intervene was filed by Local 60 of the Union, and by O. F. Suhr, Rex Holdeman, and Chester A. Bereman, (the Intervenors), in their respective capacities as President, Financial Secretary, and Business Representative of the Local, and in their individual capacities as members of said Local, for and on behalf of themselves and all other members of the Local similarly situated. The basis of the motion was that the plaintiff Cox, suing as a member of the Local, and claiming to represent all of its members similarly situated in a class action, does not adequately or properly represent said Local and the members thereof, because he was not authorized to institute the action by the Local or any of its members, has brought the action solely for his own benefit, his interests are adverse to the Local and its members, and the individual intervening petitioners are the principal ex-

ecutive officers of the Local, authorized by its vote to intervene and take any legal action necessary to prevent plaintiff Cox from representing it.

The motion to intervene was sustained, whereupon the Intervenors filed a fifteen page petition charging the plaintiff, J. Vernon Cox, and the District Council with violating Title I and Title IV of the Act, and with various alleged violations of the laws of the Union and the District Council. They pray for relief by temporary restraining order and permanent injunction against the plaintiff Cox performing certain acts hostile to the Local and its delegates to the District Council. The petition fails to follow the motion on the basis of which it was permitted to be filed, in that it is silent as to the alleged inability of Cox properly to represent the Local and its members in his original action, but rather is in the nature of a cross-complaint against Cox and the District Council.

The alleged Title I violations asserted by the Intervenors deal primarily with alleged illegal assessments made against the Local by the District Council and the alleged denial by the plaintiff Cox and the District Council to the delegates of the Local of full voice and vote in the Council, both of which matters affirmatively appear from the intervening petition to involve differences of opinion regarding the interpretation of the laws of the Union and of the District Council.

■ The District Council is not a party to this action, and the plaintiff Cox is a party only in his individual capacity, and not in his official capacity as President of the District Council. Therefore, even if this Court had jurisdiction of the subject matter it would be necessary to dismiss the intervening petition for failure to join such indispensable parties.

■ It is apparent, however, that this Court is without jurisdiction of the subject matter of such petition as it applies to alleged Title I violations. The legislative history of the Act and the reported decisions interpreting the same indicate that the purpose of Title I was simply to protect and guarantee the individual rights of union members as against the labor organizations to which they belong, and as against the wrongful acts of those in authority in such organizations, acting in their official capacities. Strauss v. International Brotherhood of Teamsters, supra, Jackson v. Martin Co., supra, Allen v. Armored Car Chauffeurs, supra.

The intervening petition here does not assert improper disciplinary action against an individual union member, nor the illegal deprivation of the individual rights guaranteed to a union member by Title I, but rather a dispute between two labor organizations, and a dispute between a labor organization and the president of another labor organization, both arising out of conflicting interpretations of applicable union laws. Such disputes are not within the purview of Title I of the Act.

As to the alleged violations of Title IV of the Act, the Intervenors assert that plaintiff Cox intends to hold an illegal election of officers for the District Council, that the Executive Committee of the District Council has illegally declared certain eligible candidates to be ineligible, and that various other irregularities exist or are threatened in relation to said election. Here again it is obvious that any of the alleged acts or omissions of Cox, in order to be meaningful, were done or omitted to be done by him in his capacity as president of the District Council, and he is not a party to this action in such official capacity.

■ On the merits, however, this Court lacks jurisdiction of the subject matter as to the alleged Title IV violations or threatened violations. According to the plain wording of the Act the United States district courts have jurisdiction to hear complaints involving alleged violations of Section 401 thereof only when and as filed by the Secretary of Labor against a labor organization as an entity, and the Secretary is without authority to file such an action absent

the exhaustion of union remedies by the complaining member of such organization. Pub.L. 86–257, Title IV, § 402(a, b); 29 U.S.C.A. § 482(a, b).

Many alleged violations of the laws of the District Council, and of the United Brotherhood (parent organization of both the District Council and of Local 60) are contained in both the original and the intervening petitions. Absent jurisdiction, however, it would not be proper for this Court to indulge in interpretations of such laws.

The intervening petition should be dismissed and the temporary restraining order heretofore issued in favor of the intervening petitioners should be dissolved.

The plaintiff Cox and twenty-two other respondents were heretofore cited to show cause why they should not be found to be in contempt of court for violating this court's temporary restraining order, heretofore issued at the request of the intervening petitioners, and punished for such contempt.

The Court having heretofore heard the evidence in relation to such citation, and having had the same under advisement, and being duly advised, finds for the respondents, and that none of them violated said order of court.

The Court therefore rules as follows:

(1) The original complaint herein is hereby dismissed.

(2) The temporary restraining order heretofore issued on the petition of the plaintiff is hereby dissolved.

(3) The intervening petition is hereby dismissed.

(4) The temporary restraining order heretofore issued on the petition of the intervening petitioners is hereby dissolved.

(5) The contempt proceedings are hereby dismissed.

It is considered and adjudged that the plaintiff, J. Vernon Cox, pay the costs of this action attributable to the filing of his original petition herein, and the proceedings ancillary thereto, and that the intervening petitioners pay all costs attributable to the filing of their intervening petition herein, and all proceedings ancillary thereto, including the costs incident to said contempt proceeding.