Charles LAVENDER, Paul J. Holleman, Jackson B. Hill, John Leach, Charlie Saddler, Harry Moore, Charlie Elmore and William Butt, Individually and as Members of District 29 of the United Mine Workers of America, an unincorporated association, on behalf of themselves as such and on behalf of all others similarly situate as Members of District 29 of the United Mine Workers of America, an unincorporated association, Plaintiffs,

v.

UNITED MINE WORKERS OF AMERICA, an unincorporated association, W. A. Boyle, Individually, and as President and as Agent of the United Mine Workers of America, George J. Titler, Individually, and as Vice President and as Agent of the United Mine Workers of America, John Owens, Individually, and as Secretary-Treasurer and as Agent of the United Mine Workers of America, Larkin S. Philpott, Individually, and as District President of District 29 of the United Mine Workers of America, and as Agent of the United Mine Workers of America, J. Carl Bunch, Individually, and as District Secretary-Treasurer of the United Mine Workers of America, and as Agent of the United Mine Workers of America, and all of the above designated defendants as Trustees and Agents of the Trustees of District 29 of the United Mine Workers of America, and such other individuals who may be Executives of the United Mine Workers of America, and such individuals, corporations, firms or unincorporated associations who may be Trustees of District 29 of the United Mine Workers of America, an unincorporated association, and all other persons similarly situate, Defendants.

Civ. A. No. 1040.

United States District Court
S. D. West Virginia,
Bluefield Division.

April 30, 1968.

Robert E. Holroyd, Johnston & Holroyd, Princeton, W. Va., for plaintiffs.

Edward L. Carey, Harrison Combs and Willard P. Owens, Washington, D. C., M. E. Boiarsky, Charleston, W. Va., for defendants.

CHRISTIE, District Judge:

Plaintiffs instituted this class action in behalf of the members of District 29 of the United Mine Workers of America seeking a judicial termination of the trusteeship imposed upon District 29 by its parent organization, United Mine Workers of America (hereinafter referred to as UMW). Jurisdiction is based upon Title III, Section 304 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. Section 464. The case is presently before this Court on defendants' Motions to Dismiss and to quash service of process, wherein several objections and defenses to the maintenance of the action are raised.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Act's Section 304(a), 29 U.S.C.A. § 464(a), provides for an investigation by the Secretary of Labor upon complaint by any member of a labor organization alleging violation of Title III provisions with respect to the imposition of a trusteeship. In addition it is provided that,

" * * * Any member or subordinate body of a labor organization

affected by any violation of this subchapter (except section 461 of this title) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate."

Some district courts have interpreted Section 464(a) to preclude the bringing of a civil action by individual members or subordinate bodies until full resort has been had to the administrative remedy available before the Secretary of Labor. Flaherty v. McDonald, 183 F. Supp. 300 (S.D.Cal.1960); Cox v. Hutcheson, 204 F.Supp. 442 (S.D.Ind.1962). Rizzo v. Ammond, 182 F.Supp. 456 (D.C. N.J.1960). The better view, first adopted by Judge Watkins of the Maryland District Court, in Executive Board, Local Union No. 28 IBEW v. International Brotherhood of Electrical Workers, 184 F.Supp. 649 (D.Md.1960), is that while the Secretary of Labor may bring a suit for violations of the trusteeship provisions of the Act, "unless and until the Secretary of Labor does so sue," any member or subordinate body of a labor organization affected by a violation of Title III may bring a civil action in a district court having jurisdiction of the labor organization. The Fourth Circuit is among those adhering to the interpretation of Section 464(a) espoused by Judge Watkins, and until this particular point is ruled upon by the Supreme Court we, of course, are bound by the Fourth Circuit ruling. See Parks v. International Brotherhood of Electrical Workers, 314 F.2d 886 (4th Cir. 1963). Thus, inasmuch as the Secretary has taken no action with respect to the violation of Title III alleged in the complaint, plaintiffs are not precluded from bringing this action by the administrative remedy provided in Section 464 (a).

## FAILURE TO EXHAUST INTRA-UNION REMEDIES

■ The common law doctrine precluding resort to judicial relief prior to the exhaustion of intra-union remedies is recognized by the federal courts, however, there are a number of well-recognized exceptions to this doctrine which "have substantially qualified if not nullified the rule." Parks v. International Brotherhood of Electrical Workers, supra. Even under the assumption that the doctrine is applicable to the facts presented, the exhaustion of internal remedies is not in all cases mandatory but may be dispensed with if in the exercise of its discretion the court determines that the pursuit of available remedies is not required or would prove futile. Simmons v. Avisco Local 713, Textile Workers Union of America, 350 F.2d 1012 (4th Cir. 1965); United Brotherhood of Carpenters and Joiners of America v. Brown, 343 F.2d 872 (10th Cir. 1965).

■ With respect to intra-union review of the action of the International President in the present case, Article III, Section 2 of the UMW Constitution provides that,

"All districts, sub-districts and local unions must be chartered by and shall be under the jurisdiction of and subject to the laws of the International Union and the rulings of the International Executive Board. Charters of districts, sub-districts and local unions may be revoked by the International President, who shall have authority to create a provisional government for the subordinate branch whose charter has been revoked. This action of the International President shall be subject to review by the International Executive Board upon appeal by any officer deposed or any member affected thereby. Until such review is had and unless such order of revocation is set aside, all members, officers and branches within the territory affected by the order of revocation shall respect and conform to said order. An appeal may be had from the decision of the Executive Board upon such order of revocation to the next International Convention."

Under ordinary circumstances review of the imposition of a "trusteeship" could be had by appeal to the International Executive Board, however, the action of the International President complained of in the present action occurred more than twenty years ago and the reasons for the creation of the trusteeship are, in the words of the complaint, "lost in history." Under the Act, 29 U.S.C.A. Section 462, trusteeships may be established, in accordance with the constitution and by-laws of the labor organization, only for certain enumerated purposes which include correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, "or otherwise carrying out the legitimate objects of such labor organization." A trusteeship established in accordance with such constitution and by-laws is, under the Act, presumed valid for a period of eighteen months from the date of its establishment, but after the expiration of eighteen months "the trusteeship shall be presumed invalid * * * and its discontinuance shall be decreed unless the labor organization shall show by clear and convincing proof that the continuation of the trusteeship is necessary for a purpose allowable under Section 462 of this title. * * * " 29 U.S.C.A. Section 464(c). It thus appears that the imposition of the trusteeship for a period of over twenty years, well beyond the eighteen months provided in the statute, creates a presumption in law that the trusteeship is invalid. In addition, the obscurity surrounding the imposition of the trusteeship and the remoteness of the date of its creation produce uncertainties with respect to the efficacy of the internal union remedies. "When asserting what is clearly a violation of a federal statute, a union member should not be required to first seek out remedies which are dubious." Detroy v. American Guild of Variety Artists, 286 F.2d 75, 80 (2d Cir. 1961); Libutti v. Di Brizzi, 337 F.2d 216 (2d Cir. 1964).

Where, as in the present case, the defendants move to dismiss the complaint on the basis of a failure to exhaust intra-union remedies, they should place before the Court facts estabishing that union remedies are available to plaintiffs and that plaintiffs have without just cause failed to use them. Such an allegation may be established by means of exhibits, affidavits, and depositions, among others. However, defendants here have made no such attempt, being content to rely upon what purports to be portions of the UMW constitution incorporated in their brief. In view of this deficiency in the record, defendants' Motions to Dismiss for failure to exhaust union remedies will be denied, but the denial will be without prejudice to a renewal thereof on that ground if and when a proper factual foundation for such has been laid.

## LACHES

Defendants contend that plaintiffs are barred from asserting the right to dissolution of the trusteeship by reason of the delay in instituting the action. It is obvious from the face of the complaint that a number of years have passed since the enactment of the provision enabling plaintiffs to institute suit, nevertheless, delay, by itself, is not sufficent ground upon which to predicate the defense of laches. To be entitled to such a defense, not only delay but also prejudice or change in position as a result of that delay must be demonstrated. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). In view of the fact that laches is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, it was incumbent upon defendants to introduce facts upon which a finding of laches could be made. Defendants have failed to produce any evidence of record with respect to prejudice or change of position which would sustain a finding of laches, and for this reason alone their motions to dismiss must be denied. Aside from the question of establishment of the existence of laches, it should be noted

that the complaint in this case seeks relief not only from past conduct on the part of the UMW, but also from future violations of 29 U.S.C.A. Section 462. Under these circumstances, and in view of the declared policy of Congress with respect to the permissible duration of trusteeships, it seems doubtful whether the defense of laches would be applicable to an action seeking to prohibit the further imposition of a trusteeship upon a local union by its parent or governing body.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Trusteeship is defined in the Act, 29 U.S.C.A. Section 402(h), as "any receivership, trusteeship, or other method of supervision or control whereby a labor organization suspends the autonomy otherwise available to a subordinate body under its constitution or bylaws." Plaintiffs have alleged in their complaint that for a number of years District 29 has been under a trusteeship imposed by the International Executive Committee or Executive Board of the United Mine Workers of America, that District 29 is a subordinate body of the United Mine Workers of America, and that the District President and District Secretary-Treasurer are appointed by the International Union rather than elected by the members of District 29. Defendants assert in their brief that plaintiffs have failed to bring their claim within the provisions of Title III inasmuch as it is not alleged in the complaint that District 29 "has an autonomy which was suspended by UMW."

 It is axiomatic that a complaint may be dismissed for failure to state a claim upon which relief may be granted if it be found to be "clearly without any merit." Such a deficiency may consist of an absence of law to support the claim or of the absence of facts sufficient to make a good claim or in the disclosure of facts which necessarily defeat the claim. However, pleadings are to be liberally con-strued and a complaint should not be dismissed for insufficiency "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore, Federal Practice, Section 12.08 (2d Ed. 1967). Obviously, in the present case there is neither an absence of law to support plaintiffs' claim nor the existence of any facts apparent from the complaint which would necessarily defeat it. Defendants' contention that the failure to allege an "existent autonomy" is fatal to plaintiffs' claim cannot be unheld because Section 402(h) requires only a showing of suspension of the autonomy "otherwise available to a subordinate body under its constitution or bylaws." However, plaintiffs have alleged in their complaint that as a result of the trusteeship, (1) District 29 has no representative on the International Executive Board of the UMW, (2) the District President and District Secretary-Treasurer are appointed by the International Union rather than elected by the members of District 29, and (3) the District representatives of the union within the District are appointed by the District President, an appointee of the International. From the preceding it is obvious that, in fact, the trusteeship imposed by the UMW suspended the autonomy "otherwise available" to District 29, and for this reason defendants' Motions to Dismiss for failure to state a claim must be denied.

## PROPRIETY OF THE CLASS ACTION

(A) *Plaintiff's Class Action:* Under the Act, 29 U.S.C.A. § 464(a), "any member or subordinate body" of a labor organization may bring suit in the district court for violations of the trusteeship provisions. Inasmuch as this section provides a cause of action for members of a labor organization, it is obvious that plaintiffs could, if they so desired, have brought an action as individuals rather than as a class representing District 29. Nevertheless, Section 464(a)

also provides for a cause of action by a "subordinate body"—District 29 in this instance—thus creating a situation in which a class action brought in behalf of all the members of District 29 might be appropriate. In view of the questionable status of a class action under Title III of the Act, Cox v. Hutcheson, supra, it would seem that the most appropriate action under the circumstances of this case would be to treat plaintiffs' claims as individual claims rather than as representative of the claims of the members of District 29. Since plaintiffs have sued individually as well as in a representative capacity, this course of action presents no difficulties, nor does it result in any change in the nature of the cause of action or the relief which may be granted. Weeks v. Bareco Oil Co., 125 F.2d 84 (7th Cir. 1941); Rule 21 F.R.Civ.P.

▆▆▆▆ (B) *Defendants' Class Action:* Plaintiffs brought suit against the United Mine Workers of America, an unincorporated association, and others individually, as officers and agents, and as members of a class—"Trustees and Agents of District 29." Section 464(a) provides only for suit against a labor organization as such. Under these circumstances, the jurisdiction of this Court extends only to the UMW as an unincorporated association and the named defendants in their capacities as officers and agents of UMW. Insofar as plaintiffs seek to assert claims against the named defendants individually or as a class consisting of the Trustees of Dis-

trict 29, this Court lacks jurisdiction of the subject matter and accordingly the claims as to such individuals and as to such class must be dismissed. Cox v. Hutcheson, supra.[1] However, in view of the fact that the United Mine Workers as well as its officers and agents are named as party defendants, the aforementioned dismissal, with respect to individual liability, is not fatal to the maintenance of plaintiffs' cause of action against those parties as officers and agents of UMW.

## SERVICE OF PROCESS

The Marshal's returns of service of process indicates that service was had upon UMW, W. A. Boyle, George Titler, and John Owens by

"* * * handing to and leaving a true and correct copy thereof with Edward Carey, General Counsel, personally, at 900 Fifteenth Street, N. W., Washington, D. C., in said district on December 1, 1967."

These defendants have filed motions to quash such service of process inasmuch as they were served outside the State of West Virginia, none of them being a citizen of the State of West Virginia.

Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process upon a party not an inhabitant of or found within the state whenever "a statute or rule of court of the state in which the district court is held" so provides. Under Rule 4(f) of the Federal Rules of Civil Procedure service of

---

[1] Plaintiffs have taken the position in their brief that in order to secure the relief demanded in this action—removal of the trusteeship—it would be necessary to serve not only the UMW but also the trustees of District 29. However, as pointed out by the Court in Weihrauch v. International Union of Electrical Radio and Machine Workers, AFL–CIO, 272 F. Supp. 472 (D.C.N.J.1967):

"To be sure, plaintiff seeks prevention of certain acitivity by the administrators, but the primary relief sought would direct the defendant International to discontinue the trusteeship, now existing under its appointment. I see no

reason why relief would be ineffective merely because the administrators are not joined, since further action by them would be void once the source of their authority, namely their designation by the IUE, is terminated. Additionally, as agents of the International, who I trust will receive notice of any decree, they will be bound not to interfere with that termination under long established principles of the breach of equity."

Thus, jurisdiction over the defendant union as such is all that is necessary to secure the relief plaintiffs seek in this action.

process may be made beyond the territorial limits of the state in which the district court is held "when authorized by a statute of the United States or by these rules * * *." Plaintiffs have failed to produce any federal statute which permits, under the circumstances of this case, service of process outside the state of West Virginia, but provision is made under Rule 4(f) of the West Virginia Rules of Civil Procedure for service of process outside the state on any defendant. But this rule is of little assistance in the present case since service of process outside the state on a "nonresident" has only the effect of constructive service.

The question remains whether this Court has obtained personal jurisdiction over the United Mine Workers of America by service of process upon Larkin S. Philpott and Carl Bunch, its officers and agents, effected within the territorial limits of the State of West Virginia. We think it has. Rule 4(d)(3) of the Federal Rules of Civil Procedure provides for service of process upon an unincorporated association subject to suit under a common name "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent * * *." Philpott and Bunch were appointed as District President and District Secretary-Treasurer, respectively, by defendant UMW to administer the affairs of District 29 in behalf of the United Mine Workers. Thus service upon these two individuals within the State of West Virginia would, under Rule 4(d)(3), be effective to obtain jurisdiction over the UMW. Rizzo v. Ammond, supra; Kreshtool v. International Longshoremen's Association, AFL-CIO, 242 F.Supp. 551 (D.C. Del. 1965); 2 Moore, Federal Practice, Section 4.24 (2d Ed. 1967). When Rule 4(d)(3) is considered in conjunction with Section 605 of the Act,[2] it becomes apparent that service of process upon the District President and the District Secretary-Treasurer, appointees of the UMW, would be effective to obtain jurisdiction over the UMW in this action.

---

**2.** "For the purposes of this chapter, service of summons, subpena, or other legal process of a court of the United States upon an officer or agent of a labor organization in his capacity as such shall constitute service upon the labor organization." 29 U.S.C.A. § 525.