Gerald N. **BRITT**, William M. Bowser and Patrick J. Linkous, Plaintiffs,

v.

**PENINSULA SHIPBUILDERS ASSOCI-ATION**, a Virginia Corporation, Elmer L. Back, Robert M. Bryant, Jr., Linwood Harris, Defendants.

Civ. A. No. 100-69-NN.

United States District Court
E. D. Virginia,
Newport News Division.

Dec. 19, 1969.

Howell, Anninos & Daugherty, Stanley Barr, Jr., Norfolk, Va., for plaintiffs.

Jones, Blechman, Woltz & Kelly, Herbert V. Kelly and E. D. David, Newport News, Va., for defendants.

## OPINION AND ORDER

KELLAM, District Judge.

Plaintiffs assert jurisdiction under the provisions of Title 1, §§ 101 and 102, of the Labor Management Reporting and Disclosure Act, Title 29 U.S.C.A., §§ 411 and 412, to maintain this action for relief. In brief, plaintiffs ask the Court to set aside a "ratification referendum" held July 10–11, 1969, order a new referendum and enjoin defendants from "further interfering with the free conduct of the referendum," and the rights of plaintiffs and others to vote.

Plaintiffs assert they are members of Peninsula Shipbuilders Association (Peninsula) which is the bargaining representative of employees of Newport News Shipbuilding and Dry Dock Company; that the Constitution and By-Laws of Peninsula provide the method by which a strike vote may be called, namely by a "two-thirds affirmative vote by secret ballot of the delegates present at a meeting called for that purpose," or where the Governing Board votes to call a strike vote meeting, it shall provide notice and shall "prescribe adequate rules and regulations to assure a fair and impartial vote of the membership." The complaint further alleges that the shipyard and representatives of Peninsula entered into negotiations for a col-

lective bargaining agreement to replace the old expired agreement which had been extended during negotiation. Counsel agree that the Constitution and By-Laws do not prohibit the officers of Peninsula from signing a new bargaining agreement, without submitting it for the approval of the membership of Peninsula. However, the Governing Board of Peninsula did submit to the membership the question of ratification of the contract at an election held July 10 and 11, 1969, along with the issue of an increase in dues. The increase in dues was defeated, but the contract approved. Plaintiffs complain that the three named defendants, prior to the vote on July 10 and 11, 1969, announced in a bulletin, on radio, TV, and in the newspaper "that a vote against ratification of the agreement was a vote to strike;" that at the election there were no facilities provided "for voters to mark their ballots in secret," which they assert is in violation of the "right to a secret ballot guaranteed by the Labor Management Reporting and Disclosure Act." Title 29, § 411, etc. Complaint is made that the manner in which the issue to increase the dues was submitted was in violation of said Act. Plaintiffs' prayer is that this Court "take jurisdiction of this controversy" and "declare the rights of the plaintiffs in the premises."

Defendants move to dismiss because this "Court lacks jurisdiction over the subject matter as plaintiffs have failed to allege a violation of any rights guaranteed or any immunity granted" by Title 29 U.S.C.A. § 411, and because plaintiffs have failed to state a claim upon which relief can be granted inasmuch as "the only rights and privileges redressable under Title 29 U.S.C.A. Section 412 are those specified in Section 411."

Section 101 of said Act, Title 29 U.S. C.A. § 411, is referred to as the "Bill of Rights" of members of labor organizations. Paragraph (a) (1) is entitled "Equal Rights" and provides that "[E]very member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, vote in elections or referendums * * * attend membership meetings * * * to participate in the deliberations and voting upon the business of such meetings subject to reasonable rules and regulations in such organization's constitution and by-laws." Sub-paragraph (2) provides for the right to meet and assemble, to express views, arguments, opinions, views upon candidates in an election or business before the meeting. Sub-paragraph (3) makes provision for fixing of dues, etc. Sub-paragraph (4) protects the rights of members of the organization to sue, etc., and sub-paragraph (5) provides safeguards against disciplinary action against members.

Section 412 of Title 29, U.S.C.A., provides that any person whose "rights secured by the provisions of this sub-chapter[1] have been infringed by any violation of this sub-chapter may bring a civil action in a district court of the United States for such relief (including injunction) as may be appropriate."

Provision is made in other parts of Title 29 [29 U.S.C.A. § 481, etc.] for supervision of certain elections, and jurisdiction of the district court under the provisions set out.

A reading of the provisions of § 411 makes it clear that such section does not grant jurisdiction to this Court over the election abuses asserted in the complaint. Plaintiffs make no allegation of any irreparable harm, or in fact any harm suffered by them. They do not assert they favored or opposed the ratification of the new agreement with the shipyard. They complain that the provisions of the Constitution and By-Laws for calling for a "strike vote" were not complied with in that the Governing Board did not vote by secret ballot on whether to hold a "strike vote" and that

___

1. Sub-chapter II—Bill of Rights of Members of Labor Organizations—which include Sections 411 through 415.

in voting on the referendum to strike, no provision was made to cast a "secret ballot." However, no allegation is made as to the result of the "strike vote" except that in argument it was stated that no vote was actually taken on the issue to strike; that the appearance of the strike ballots was erroneous. In any event, no strike was voted, and it would appear this issue is moot. Cox v. Hutcheson, 204 F.Supp. 442 (S.D.Ind.)

Section 411 provides for the right of a member to vote. Nowhere do plaintiffs assert they have been denied a right to vote. Nor has our attention been called to any provision of the statute or the Constitution or By-Laws of the organization which provides that the vote on a referendum to approve a bargaining contract shall be conducted by secret ballot. In fact, all concede there is no such provision. Plaintiffs' contentions are somewhat similar to those made by plaintiff in Robins v. Rarback, 325 F.2d 929, 930 (2d Cir. 1963), cert. denied 379 U.S. 974, 85 S.Ct. 670, 13 L.Ed.2d 565, in that plaintiffs "would have us construe the language of the statute [29 U.S.C.A. § 411] as granting authority to the federal courts to control and direct the entire conduct of union elections on the theory that the right to vote is a right to cast an 'effective' vote." In the opinion in that case, the Court said, "[S]urely if Congress intended the federal courts to assume a general supervision over the conduct of union elections it would express that intent in terms which are at the same time more specific and more general than are to be found in Section 101(a) (1)." [29 U.S.C.A. § 411].

In Calhoon v. Harvey, 379 U.S. 134, 138, 85 S.Ct. 292, 295, 13 L.Ed.2d 190, the Court said that jurisdiction of a district court under § 102 of Title I of the Labor Management Reporting and Disclosure Act, 29 U.S.C.A. § 412 "depends entirely upon whether this complaint showed a violation of rights guaranteed by § 101(a) (1)" [29 U.S.C.A. § 411]. There the Court said that the rights provided in § 101 were by Congress made "subject to reasonable rules and regulations" by the union. All agree there is no provision in the Constitution and By-Laws which prohibits the Governing Board of the union from entering into a contract with the shipyard on behalf of the union, and nowhere is there a requirement the matter be submitted to a vote of the union.

A strike was not voted, and dues were not raised. Hence, there is no relief which the Court can grant on these questions. The complaint does not state a case for relief on the issue of whether the bargaining agreement was or was not properly approved, but if it did, this court is without jurisdiction to determine that issue. The motion to dismiss is therefore granted.